KINDELBERGER v. KUNOW.

(Supreme Court, Appellate Division, Fourth Department. November 13, 1907.)

1. SALES—CONDITIONAL SALES—TENDER OF PRICE—WAIVER.
   In a suit by a seller, on condition that title should remain in him until the price was paid, for the chattels for nonpayment of the price, evidence *held* to authorize a finding that the seller waived a formal tender of the price by refusing to take it unless he was also paid another debt, and by insisting on holding the chattels for both claims, defeating a recovery.

2. TENDER—SUFFICIENCY—COSTS.

Where a seller on condition that title should remain in him until the price was paid waived a tender of the price and sued for the chattels, a tender on the trial of the price, without including therein the costs of the action, was sufficient; the seller not being entitled to costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, §§ 21–28.]

Appeal from Trial Term, Yates County.

Action by Louis Kindelberger against Fred D. Kunow. From a judgment for plaintiff, and from an order denying a new trial on the judge's minutes, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. A. Leary, for appellant.

Thomas Carmody, for respondent.

KRUSE, J. This controversy is over 20 sheep. The plaintiff made a conditional bill of sale of the sheep to the defendant, retaining the title until the purchase price of $172.25 was paid. On the day that the purchase price became due the plaintiff demanded the possession of the sheep; the purchase price not having been paid in full. There is no question that the plaintiff was entitled to the possession of the sheep, and had the right to sell them, under the provisions of the statute relating to conditional sales, if the defendant was in default in paying for them. It is contended on behalf of the defendant, however, that an absolute and unconditional offer was made on behalf of the defendant to pay for the sheep; but the plaintiff insisted upon taking them, notwithstanding such offer, unless another debt was paid by the defendant, which the plaintiff claimed was owing to him. A verdict was directed for the plaintiff.

We think a question of fact was presented upon the evidence, which should have been submitted to the jury. It appears that each of the parties made claims against the other—the defendant for certain matters for which he had presented an itemized statement to the plaintiff, and the plaintiff for hay, besides the purchase price of the sheep. The plaintiff claimed that the defendant refused to deliver the sheep without deducting from the purchase price the defendant's claim, and the defendant claimed that the plaintiff refused to take pay for the sheep unless the defendant also paid for the hay, and insisted upon holding the sheep for both claims. It is contended, however, on the part of the defendant, that eventually the defendant's wife (who seems to have represented him) stated that she would pay for the sheep, but not for the hay, and that the defendant refused to take pay for the sheep unless he was paid for the hay also, and insisted upon holding the sheep for both claims; and the evidence tends to support the defendant's contention in that regard. Whether true, or not, was a question of fact for the jury in the first instance. If true, it was sufficient, in connection with the other facts and circumstances, to have warranted a finding that the plaintiff waived a formal tender of the amount unpaid upon the purchase price of the sheep. Murr v. Western Assurance Co., 50 App. Div. 4, 11, 64 N. Y. Supp. 12; Allen v. Corby, 59 App. Div. 1, 69 N. Y. Supp. 7.

Upon the trial the defendant again offered to pay the balance due for the sheep. The plaintiff's counsel stated that the plaintiff would accept the offer, if the defendant paid the costs of the action, which the defendant refused. If there was a waiver of the tender, as has been stated, owing to the plaintiff's refusal to accept the unconditional offer of the defendant to pay for the sheep, and the plaintiff insisted upon taking and holding the sheep for his claim for the hay, in addition to that for the purchase price of the sheep, then the plaintiff was clearly in the wrong, and not justified in bringing an action to replevy the sheep, and so was not entitled to the costs of the action.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

