Ferral C. Dininny, Plaintiff, *v.* James S. Reavis, James E. Gaynor and Joseph P. Day, Defendants.*

(Supreme Court, New York Special Term, September, 1915.)

Constitutional law — Lien Law, § 200 et seq.— statutes — when lien against personal property may be satisfied.

> The provision of the Lien Law (Laws of 1909, chap. 38, § 200 *et seq.*), that a lien against personal property in the legal possession of the lienor may be satisfied by the public sale of the property upon notice to the owner setting forth the steps to be taken in order to bring about such a sale, is constitutional.

Demurrer to separate defense of answer.

Crim & Wemple, for plaintiff.

Sayers Brothers, for defendant Joseph P. Day.

Page, J. The question to be determined upon this demurrer relates to the constitutionality of section 200 *et seq.* of the Lien Law of the state of New York (Laws of 1909, chap. 38), which provide that a lien against personal property in the legal possession of the lienor may be satisfied by the public sale of the property upon notice to the owner, and set forth the steps to be taken by the lienor in order to bring about such a sale. The plaintiff contends that these statutes are unconstitutional for the reason that, though due notice to the owner of the property is provided for, no opportunity is given him in case he disputes the amount of the lien to have a hearing thereon and

---

*Affirmed by Appellate Division on this opinion. 178 App. Div. 922.

establish his contention, and that, therefore, the taking of the property to satisfy the lien is a taking thereof without due process of law. The lien in question was created by section 184 of the Lien Law, which provides: "A person keeping a garage, * * * and who, in connection therewith, stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline or other supplies therefor at the request or with the consent of the owner * * * has a lien upon such motor vehicle for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline or other supplies therefor, and may detain such motor vehicle at any time it may be lawfully in his possession until such sum is paid." This statute declares the amount of the lien to be the " sum due " from the owner, not the sum claimed by the garage keeper. It does not make the garage keeper the judge of the case. He proceeds at his peril, and, if he claims more than is actually due, he is guilty of conversion and liable to the owner in damages. The condition precedent to the garage keeper's right either to detain the property or to sell it is the fact that the sum which he claims is actually and rightfully due, and the statute gives him no right and no protection if he makes a wrongful claim. The owner of the property in either case, if he disputes the amount due, is afforded by law many remedies. He can tender the amount, if any, which he claims that he owes and replevy the property from the possession of the lienor if he then refuses to surrender it. He can pay the amount claimed by the lienor and recover back any excess over what was actually due as money paid under duress. If the property is illegally threatened with sale, he can enjoin the sale and determine in the injunction suit what the proper amount of the lien is. He can let

the sale proceed and sue all parties concerned for the conversion of his property. The statutes in question merely extend to all lienors the right of sale which has always existed at common law in a pledge of personal property, with certain added provisions as to notice to the owner inserted for his protection. They no more constitute a taking of property without due process of law than would a similar sale by a pledgee under the common law where the amount for which the property was pledged was in dispute, and the rights and remedies in such a case would be identical with those in the case at bar. There are similar provisions in the statutes of nearly all of the states of the United States. I am unable to find a reported case in which the constitutionality of these statutes has been questioned. I am of opinion that the plaintiff's contention is without merit. The demurrer is accordingly overruled, with costs.

Demurrer overruled, with costs.