(173 App. Div. 724)

## MACUMBER v. DETROIT CADILLAC MOTOR CAR CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1916.)

1. LIVERY STABLE AND GARAGE KEEPERS ⊸8(3)—REPAIRS OF AUTOMOBILE—LIEN—LOSS.

   Where garage owners offered to accept a smaller amount than their claim for repairs, and thereafter recovered judgment in a smaller amount than they previously offered to accept, *held*, there was no loss of their lien.

   [Ed. Note.—For other cases, see Livery Stable and Garage Keepers, Cent. Dig. § 9; Dec. Dig. ⊸8(3).]

2. LIVERY STABLE AND GARAGE KEEPERS ⊸6—CONVERSION—EXCESSIVE CLAIM.

   Where defendant automobile garage owner refused to accept $550 in payment of repair bill of $992, but offered to accept $792, the fact that thereafter defendant recovered judgment on such bill for $665 did not render it guilty of conversion for refusing to surrender the car until satisfaction of its claim.

   [Ed. Note.—For other cases, see Livery Stable and Garage Keepers, Cent. Dig. § 5; Dec. Dig. ⊸6.]

Appeal from Trial Term, Kings County.

Action by Van D. Macumber against the Detroit Cadillac Motor Car Company. Judgment for defendant, and plaintiff appeals. Affirmed.

A judgment of the Supreme Court was entered in the office of the clerk of Kings county January 14, 1916, at the close of plaintiff's case, dismissing a complaint for alleged conversion of an automobile. Defendant's answer denied the allegations of plaintiff's ownership, and of the alleged conversion. In defense it states that the automobile had formerly belonged to one Fogarty, who had delivered it to defendant for repairs, which defendant had made; that defendant held the automobile under its lien for the value and amount of such repairs.

It appeared that defendant had rendered a bill for $992 for such repairs, which Fogarty disputed. Eventually Fogarty authorized one Quinlan to sell the automobile to any one who would contest and settle said bill at the proper amount. As such agent, Quinlan sold the automobile to plaintiff for $8, taking his promise to contest and settle defendant's repair charges; and thereupon a bill of sale of the automobile was given to plaintiff. After corresponding with defendant, plaintiff had an interview with its president, in which he objected to the amount of the charges, and offered to pay $550, and demanded the automobile. The president offered to let the plaintiff take the car for $792, which he stated as the least sum defendant would accept. This action for conversion followed. It appeared on the trial that defendant had sued Fogarty on its bill of $992, and in that action had recovered a verdict for $665 on May 6, 1915. The court dismissed the complaint, and plaintiff appealed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Adolph Feldblum, of New York City, for appellant.
Henry Amerman, of New York City, for respondent.

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. [1, 2] Defendant reduced its claim of lien to $792. Plaintiff made no tender, but offered $550. The insistence on $792 was not a conversion. Nor did defendant lose its lien, because afterwards, on May 6, 1915, defendant's verdict against Fogarty was $127 less than the reduced sum it had claimed.

Allen v. Corby, 59 App. Div. 1, 69 N. Y. Supp. 7, on which appellant relies, was an instance of detention on claims not the subject of lien. The liveryman there had a lien of $8.50 or $58.50; but, instead of standing on his lawful lien, he refused to restore the property except on payment of $221, the balance of a general account for stabling, telephones, and miscellaneous items. He thus detained the property upon demands which could not be the basis of lien. The right to hold on a just lien may be lost by insisting also on payment of other charges which are not liens. Kindelberger v. Kunow, 122 App. Div. 158, 106 N. Y. Supp. 597. But a lienor's right, based on services giving a lawful lien, may not fail if the jury's verdict should fall short of the sum charged and demanded. Here there has been no tender. Plaintiff's offer, inadequate in any view, did not discharge the lien. There being no conversion, the complaint therefore was rightly dismissed.

The judgment is therefore affirmed, with costs.