Bentley Kassal, J.
Claimant, in this Small Claims action, *957 seeks refund of $180 for towing and storage charges he paid defendant to recover his automobile from one of defendant’s garages.

FACTS

Defendant operates a self-park automobile garage in which automobile owners are assigned a designated parking area and given a key to open the entrance door. Claimant parked his car on a monthly basis pursuant to an agreement printed on a "3x5” card which, essentially, only states the term and rent.
At a time when claimant was two months in arrears on his rent, defendant had claimant’s car towed from the garage to another one it operated. Claimant was notified, and, after paying the rental arrears and a $55 charge for towing, recovered his automobile.
Defendant offered testimony that claimant received five computerized notices as to the arrears, and that a sign, measuring three by five feet, prominently displayed in the garage, notified users that cars would be towed and a charge of $55 assessed if rent was not paid by the twentieth of the month.

ISSUE

Claimant concedes that he owed two months’ rental, so the only issue remaining is whether he is entitled to recover the $55 towing charge.

DEFENDANTS CONTENTIONS

Defendant moved to dismiss claimant’s cause of action on the ground that it acted properly in the methods employed to enforce its garagekeeper’s lien, pursuant to section 184 of the Lien Law.
Such lien is based on possession and may be lost if possession is surrendered. Therefore, since claimant retained the keys to his automobile and the garage, defendant claims it had to move the car to protect its lien.
Finally, defendant states that the sign was posted to comply with the decision of Judge Hentel in Dikman v Howard Johnson Co. (73 Misc 2d 883) and therefore claimant had adequate notice of the towing procedure.

*958
LAW AND CONCLUSIONS

While I am convinced that defendant’s actions were intended to protect its rights under the law, I conclude that claimant is entitled to recover the towing charge.
The right of a garagekeeper to a lien for storage charges is purely statutory (C.I.T. Corp. v Schubert, 137 Misc 514) and since the statute (Lien Law, § 184) confers privileges in derogation of common law it must be strictly construed. (Rapp v Mabbett Motor Car Co., 201 App Div 283.)
In its present form, section 184 of the Lien Law provides in pertinent part that a garagekeeper who "stores, maintains, keeps or repairs any motor vehicle * * * has a lien upon such motor vehicle * * * for the sum due for such storing, maintaining, keeping or repairing * * * and may detain such motor vehicle * * * until such sum is paid.”
Thus, while the storage charge is properly subject to the lien, the towing charge cannot reasonably be characterized as a sum due for "storing, maintaining, keeping or repairing”. (Cf. Willys-Overland v Prudman Auto. Co., 196 NYS 487.) Nor was there an agreement between the parties authorizing such a charge.
Finally, were defendant’s interpretation to prevail, the garagekeeper could increase the amount of its lien by its unilateral action which raises serious due process questions under the Fourteenth Amendment to the Constitution. (See Hernandez v European Auto Collision, 487 F 2d 378.)
What then may a garagekeeper do to protect his interests under the facts of this case?
Clearly he has the right to retain the vehicle as security. (C. I. T. Corp. v Schubert, supra.) In this regard, there are numerous methods of immobilizing the vehicle without damage. This would seem to be a viable option until the accrued charges approach the value of the automobile.
At any point, the lienor may proceed to sell the vehicle expeditiously pursuant to article 9 of the Lien Law, to satisfy his lien and also recover the expenses of advertising and sale. The procedure is relatively quick and simple.
The garagekeeper’s remedies are clear and limited: he may retain the automobile and proceed to sale under the Lien Law; or he may retain or release the automobile and sue at law.

*959
JUDGMENT

Thus, to the extent that claimant paid defendant for accrued rental charges, he may not recover. Having paid additional charges for towing not subject to the lien, however, he is entitled to recover the additional charges. (Dininny v Reavis, 100 Misc 316, affd 178 App Div 922.) Judgment for claimant for $55.