■ GORDON PHILLIPS, Doing Business as EXIT 12 MOBIL, Respondent-Appellant, v JOYCE A. CATANIA, Appellant-Respondent.—Order and judgment unanimously modified on the law and as modified affirmed with costs to defendant, in accordance with the following memorandum: County Court erred in awarding judgment to plaintiff in the amount of $450 for the storage of defendant's automobile. The right of a garageman to a lien for storage charges is purely statutory and must be strictly construed (Lien Law § 184; *Wyche v New Amsterdam Garage Corp.,* 82 Misc 2d 956, 958). "In the absence of a specific agreement, the repairman may not recover damages for storage" *(Gotham Credit Corp. v A. & H. Serv. Sta.,* 120 NYS2d 749, 750 [App Term, 1st Dept]). Here, the parties' only agreement with respect to storage was that defendant could leave the automobile at plaintiff's garage for an unspecified period of time at no charge.

Moreover, judgment should be granted to defendant on her counterclaim for conversion of the vehicle. The Lien Law provides that the amount of the lien is the "sum due" from the owner (Lien Law § 184 [1]), and if the garageman "claims more than is actually due, he is guilty of conversion and liable to the owner in damages" *(Dininny v Reavis,* 100 Misc 316, 317, *affd* 178 App Div 922). Here, plaintiff had a valid garageman's lien for the reasonable value of his repair work, and defendant offered to pay the repair charges. Plaintiff's refusal to surrender the vehicle unless defendant paid the storage charges constituted a conversion *(see, Glass v Wiener,* 104 AD2d 967, *appeal dismissed* 64 NY2d 775; *General Elec. Co. v American Export Isbrandtsen Lines,* 37 AD2d 959).

Defendant's damages are the value of the automobile in February 1986 at the time of the conversion. Plaintiff testified

that the vehicle was in poor condition at that time, but the notice of sale to satisfy lien, introduced as an exhibit by plaintiff and prepared on plaintiff's behalf on January 30, 1986, states that the estimated value of the automobile was $900. Additionally, defendant presented evidence that the blue book value of the vehicle was in the $800 to $1,150 range. Accordingly, defendant should be awarded damages in the amount of $900 (see, Burgess v Leon's Auto Collision, 87 Misc 2d 351, 354-355).

County Court properly affirmed the order of City Court awarding plaintiff judgment for the sum due for the repair work performed on the automobile. The other issues raised are without merit. (Appeals from order and judgment of Chautauqua County Court, Weiler, J.—breach of contract.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.