■ GORDON PHILLIPS, Doing Business as EXIT 12 MOBIL, Respondent, v JOYCE A. CATANIA, Appellant.—Judgment unanimously modified on the law and as modified affirmed with costs to defendant in accordance with the following Memorandum: Defendant appeals from a judgment of County Court which, in modifying a judgment of City Court, awarded defendant $900 on her counterclaim for conversion of her vehicle, costs of $257.90, calculated pursuant to the UCCA, and $438.75 in prejudgment interest. We conclude that defendant is entitled to additional costs and disbursements pursuant to the CPLR. The action was commenced in Supreme Court and removed without consent to City Court, which apparently lacked jurisdiction. As amended effective January 1, 1991, CPLR 8104 provides, "Where an action is removed pursuant to [CPLR 325 (d)], costs in the action shall be awarded as if it had remained in the court from which it was removed". We conclude that the amended version of CPLR 8104 applies inasmuch as the judgment appealed from was entered on April 21, 1992 and determined an appeal from a judgment entered January 11, 1991. Defendant is therefore entitled to costs and disbursements as provided by the CPLR as though the action had remained in Supreme Court. Defendant is entitled to costs and disbursements totaling $1,576.65. Those costs and disbursements, in addition to those items totaling $257.90 awarded by County Court and not challenged by plaintiff, include the following items: (a) costs of $200 for proceedings prior to filing of the note of issue, pursuant to CPLR 8201 (1); (b) costs of $200 for proceedings conducted between the filing of the note of issue and trial, pursuant to CPLR 8201 (2); (c) costs of $300 for trial, pursuant to CPLR 8201 (3); (d) costs for the first appeal to the Appellate Division, $250, as provided for by CPLR 8203 (a); (e) a disbursement of $200 for the Appellate Division filing fee, as provided by CPLR 8301 (a) (12); and (f) a disbursement of $168.75, representing the cost of the trial transcript for the first appeal, as provided by CPLR 8301 (a) (12).

Additionally, we conclude that interest was improperly

calculated by the court. Pursuant to CPLR article 50, defendant is entitled to interest on her recovery of $900 at the rate of 9% from February 17, 1986 until November 15, 1989, when we rendered our decision entitling her to recover on her conversion counterclaim (see, Phillips v Catania, 155 AD2d 866). The amount of such interest ($300.70) must be added to the principal amount of defendant's recovery ($900) for a total of $1,200.70. Additionally, defendant is entitled to 9% interest on that aggregate amount from November 16, 1989 until April 21, 1992 (an amount equal to $286.16), the date of entry of the judgment appealed from. That total ($1,486.86) must be added to the award of costs and disbursements ($1,576.65) for a total of $3,063.51.The judgment must be modified in accordance with the foregoing calculations. (Appeal from Judgment of Chautauqua County Court, Mattina, J.—Costs.) Present—Denman, P. J., Callahan, Boomer, Balio and Davis, JJ. [As amended by unpublished order entered May 28, 1993.]