■ F & N CORVETTE & CLASSICS, Respondent, v CORVETTE REPAIRS, INC., Appellant. [613 NYS2d 930] —In an action to recover damages for conversion, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 19, 1992, as granted those branches of the plaintiff's motion which were (1) for partial summary judgment on the issue of liability with respect to its first and second causes of action, and (2) to dismiss the defendant's second counterclaim to recover storage fees from the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 12, 1989, the plaintiff and the defendant entered into a contract whereby the defendant agreed to restore the plaintiff's 1967 Corvette vehicle for a price not to exceed $50,000, inclusive of parts and labor. Thereafter, the plaintiff purchased and delivered to the defendant certain bolt-on wheels and N.O.S. Whitewall tires to be used in the vehicle's restoration. The plaintiff then paid the $50,000.

Thereafter, the defendant demanded that the plaintiff pay an additional $7,049 in order for it to complete the restoration work. The plaintiff refused to pay that additional sum and demanded that the defendant deliver the car to it. The defendant refused.

The plaintiff then commenced this action to recover damages, *inter alia,* for the conversion of the Corvette, the bolt-on wheels and the tires. The defendant counterclaimed for the $7,049 additional payment that it seeks, and asserted a lien on the car for that amount. In its second counterclaim the defendant sought storage charges.

That branch of the plaintiff's motion which was for partial summary judgment on the issue of liability with respect to the first and second causes of action was granted. The defendant appeals, contending, *inter alia,* that its lien was asserted pursuant to Lien Law § 180, and that the court erred in holding that the lien had been asserted pursuant to Lien Law § 184 and was void, since it was for an amount in excess of the written estimate. We disagree.

The well-established principle of statutory construction is that "[w]henever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular enactment is inapplicable" (McKinney's Cons Laws of NY, Book 1, Statutes § 238; see also, People ex rel. Davidson v Gilon, 126 NY 147, 155-156; Schieffelin v Craig, 183 App Div 515).

Lien Law § 184 is a particular provision intended to apply to one class of persons to which the defendant belongs, to wit, the bailee of a motor vehicle, motor boat, or aircraft, and it can only be concluded that the defendant's lien was asserted pursuant to that section, rather than the general artisan's lien provided for under Lien Law § 180. Consequently, the asserted lien is void, as a matter of law, since it is for a sum in excess of the contract price (see, Lien Law § 184 [1]).

Partial summary judgment was, therefore, properly granted to the plaintiff since a garageman who " 'claims more than is actually due * * * is guilty of conversion and liable to the owner in damages' " (Phillips v Catania, 155 AD2d 866, quoting Dininny v Reavis, 100 Misc 316, 317, affd 178 App Div 922).

In view of the fact that the lien asserted by the defendant was invalid, the second counterclaim which sought to recover storage charges for the vehicle was also properly dismissed (see, Phillips v Catania, supra).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.