■ EXPRESS FREIGHT SYSTEMS, INC., Appellant, v DAN WALTER, Doing Business as DAN WALTER AND SON TOWING, Respondent. [632 NYS2d 733] —Order and judgment unanimously modified on the law and as modified affirmed with costs to defendant in accordance with the following Memorandum: Plaintiff appeals from an order of Erie County Court that slightly modified but otherwise affirmed a judgment of Buffalo City Court. As modified by County Court, the judgment awarded defendant a net recovery of $11,140: (1) $4,210 to defendant for his services in towing and attempting to repair plaintiff's 1988 Stoughton trailer and delivering its cargo; (2) $14,380 to defendant for his services in storing plaintiff's trailer from March 27, 1991 through March 15, 1993; and (3) $7,450 to plaintiff as damages for defendant's wrongful detention of

plaintiff's 1985 International tractor from March 5, 1992 through June 18, 1992.

Plaintiff contends that the court erred in awarding defendant charges for storing plaintiff's trailer because defendant did not comply with section 184 of the Lien Law and there was no express agreement by plaintiff to pay storage charges. It contends further that the court erred in limiting plaintiff's recovery for conversion of the 1985 tractor to those damages for loss of use sustained by plaintiff prior to June 18, 1992, the date of a preliminary order allowing plaintiff to replevy the tractor upon its posting an undertaking.

This action originated with an accident that occurred on March 27, 1991 in which plaintiff's 1988 Stoughton trailer became wedged under a railroad overpass. Pursuant to discussions with representatives of plaintiff, the trailer was extricated by defendant, a towing contractor, who attempted to repair it, unloaded and delivered its cargo, and towed it to his yard, where it has remained throughout this action. Thereafter, a dispute arose between the parties over plaintiff's liability for storage charges of $30 per day. On March 5, 1992, almost a year after the accident, plaintiff sent a driver with a tractor to pick up the trailer without first paying the disputed charges. Defendant impounded the tractor, giving rise to this action by plaintiff seeking to recover possession of the tractor and damages for its conversion. Defendant counterclaimed for his services in repairing, towing, and storing the trailer.

We conclude that defendant was properly awarded storage charges. Although plaintiff argues that a garageman's lien for storage charges cannot be asserted unless the garageman complies strictly with the notice requirements in section 184 (2) of the Lien Law (see, Phillips v Catania, 155 AD2d 866), defendant does not seek to foreclose a lien on the trailer but to recover damages at law. The contractual remedy of a garageman, if any, is concurrent with his remedy under the Lien Law (see, Lien Law § 205), and a garageman may recover damages for storage on proof of an agreement to pay storage charges (see, Phillips v Catania, supra). Here, the evidence supports the existence of an implied in fact agreement. City Court was entitled to credit the testimony of defendant that he notified plaintiff's representatives concerning the accrual of storage charges within a day or two of the accident and that plaintiff availed itself of defendant's storage services without protesting the charges. Defendant's testimony is bolstered by the documentary evidence, including a March 29, 1991 invoice and the correspondence between plaintiff and its insurance company.

On the other hand, we conclude that the court erred in limiting plaintiff's recovery for conversion to those damages for loss of use incurred prior to June 18, 1992, when Supreme Court granted a conditional order requiring defendant to release the tractor if plaintiff posted an undertaking. Plaintiff's failure to post an undertaking did not constitute an unreasonable failure to mitigate damages. Nevertheless, we decline to award plaintiff the full $22,300 claimed for loss of use of the tractor. By its expert witness, plaintiff established that the value of the tractor at the time and place of the taking was $8,500. Under the circumstances, it would be unreasonable to hold defendant liable for loss of use damages greater than the value of the converted property. Moreover, we note the general rule that the proper measure of damages for conversion is the value of the property at the time and place of the taking (see, 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, §§ 65-66, 73; see also, Phillips v Catania, supra). Therefore, we modify the order and judgment by increasing plaintiff's recovery for conversion from $7,450 to $8,500, thus capping plaintiff's loss of use damages at the value of the converted property. As modified, the order and judgment award defendant a net recovery of $10,090 ($4,210 plus $14,380 minus $8,500). (Appeal from Order of Erie County Court, Drury, J.—Replevin.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.