■ In the Matter of BMW Bank of North America, Appellant, v G & B Collision Center, Inc., et al., Respondents. [850 NYS2d 470]—

In a proceeding pursuant to Lien Law § 201-a to determine the validity of a lien, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated March 22, 2006, as granted the petition only to the extent of reducing the lien of G & B Collision Center, Inc., by the sum of $300 and, in effect, denied that branch of the petition which was to recover damages for conversion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The respondent G & B Collision Center, Inc. (hereinafter G &

B Collision) entered into an agreement with a third party to make repairs to a 2001 BMW Model X5 vehicle owned by Amanda Hinckson and on which the petitioner BMW Bank of North America had a lien which was listed on the certificate of title of the vehicle. Some three years after the repairs to the vehicle allegedly were completed, when neither the third party nor the owner had paid for the repairs and reclaimed the vehicle, G & B Collision provided the owner and the petitioner with a notice of lien and sale, pursuant to Lien Law § 201, to enforce its lien. The notice of lien and sale sought sums for parts and labor; a sum for storage of the vehicle from the first day of the month it was delivered to G & B Collision, notwithstanding an assertion that the repairs took several weeks to complete, through the date of the notice of sale; and an unspecified sum for further storage of the vehicle from the date of the notice to the date when the lien was paid or the vehicle was sold. The total of the lien was for a sum greater than the estimated value of the vehicle. The petitioner timely commenced a proceeding pursuant to Lien Law § 201-a to challenge the validity of the lien.

In response to a challenge to the lien pursuant to Lien Law § 201-a, the lienor must make a prima facie showing of the validity of the lien and entitlement to the amount claimed (cf. Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d 725, 730 [1995]). In this case those elements include, inter alia, the existence of an agreement for the imposition of storage charges and that the cost of the repairs was in accordance with the written estimate.

In response to the petition, G & B Collision asserted that it provided the third party with a written estimate of the repairs when the third party agreed in writing to the repairs being performed. There was no assertion that the owner of the vehicle requested or consented to a charge for the storage of the vehicle.

Pursuant to Lien Law § 184 (1), a bailee who has furnished a written estimate for repairs may not assert a lien for those repairs in an amount in excess of the written estimate. Where a lienor seeks damages for the period between the notice of sale and the payment of the lien or ultimate sale of the vehicle, the claim must be based on an agreement which provides for the continuous care of the property (see Lien Law § 201-a). In order for a garagekeeper to have a lien for storage of a vehicle, there must be a specific agreement for such storage (see Phillips v Catania, 155 AD2d 866 [1989]; see also F & N Corvette & Classics v Corvette Repairs, 206 AD2d 349 [1994]). Where a

garagekeeper claims more than is actually due, he or she is guilty of conversion and liable to the owner in damages (*see Phillips v Catania*, 155 AD2d 866 [1989]).

Under the circumstances, the Supreme Court should not have granted the petition only to the extent of reducing the lien by the sum of $300. Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing on the existence and amount of G & B Collision's lien, if any. If it is established that a conversion occurred, the Supreme Court may, in its discretion, determine whether the damages from such conversion also may be determined within this proceeding. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.