■ GRANT STREET CONSTRUCTION, INC., Respondent, v CORTLAND PAVING COMPANY, INC., Appellant. [865 NYS2d 762]—

Lahtinen, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered June 29, 2007 in Tompkins County, upon, among other things, a decision of the court in favor of plaintiff.

Plaintiff operates a garage that repairs trucks and heavy equipment. Defendant, a paving company, had plaintiff repair its Brockway tractor in October 1999, resulting in a repair bill of $3,093.57. Shortly thereafter, plaintiff evaluated and provided an estimate of repairs needed on defendant's Caterpillar excavator. Plaintiff billed defendant $315 for performing this evaluation. Defendant was not permitted to remove either machine from plaintiff's place of business since it did not pay the invoices, and plaintiff began adding storage charges to the invoices. In July 2000, defendant offered to pay the original amount charged ($3,093.57) for the Brockway tractor (as well as other unrelated invoices of $419.50), so that the Brockway tractor could be picked up for a job defendant was bidding. Plaintiff responded that no equipment would be released until it received $3,925.71.

By December 2000, defendant had ceased doing business and

hired Ronald DiLorenzo to auction off its equipment. DiLorenzo brought plaintiff a check for $3,925.71 in April 2001 seeking the Brockway tractor and Caterpillar excavator for the auction. Plaintiff responded that neither piece of equipment would be released until it received $5,511.77, which included storage fees of $100 per month for each machine and service charges of 1.5% per month on all balances. DiLorenzo then offered the $3,925.71 to have just the Caterpillar excavator returned and this was refused.

Prior to defendant's offers through DiLorenzo, plaintiff had filed (but defendant had not yet been served) the underlying action and demanded, in its ensuing amended complaint, $6,649.75 plus interest. Plaintiff later sought to foreclose its garagekeeper's lien and the two pieces of equipment were eventually sold in April 2006 for $7,500. Defendant added a counterclaim for conversion to its amended answer in the underlying action on the debt. At the trial on the amounts owed, Supreme Court submitted to the jury only the issue of whether there was an agreement to charge storage fees and service charges as to each machine, which the jury answered in the negative. Supreme Court then issued a written decision dismissing defendant's counterclaim and awarding plaintiff a judgment of $5,663.33, consisting of $3,093.57 for repairs to the Brockway tractor, $315 owed for evaluating the Caterpillar excavator, plus statutory interest from December 1, 1999. Defendant appeals arguing that Supreme Court erred in dismissing its counterclaim.

A garagekeeper's lien is authorized by Lien Law § 184 (1) and "[t]he purpose of this statute is to provide the repair shop with security for the labor and material it expends which enhance the value of the vehicle" (*General Motors Acceptance Corp. v Anthony J. Minervini, Inc.*, 301 AD2d 940, 941 [2003]). The statute is in derogation of common law and thus is strictly construed (*see Phillips v Catania*, 155 AD2d 866, 866 [1989]). As such, precedent provides that the lien remains specific to the vehicle upon which repairs were made (*see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co.*, 85 NY2d 725, 730 [1995]), an estimate of repairs does not create a lien (*see Mercedes-Benz Credit Corp. v One Stop Auto & Truck Ctrs.*, 170 Misc 2d 354, 357 [1996]; 62 NY Jur 2d, Garages § 87) and storage fees must be specifically authorized to be included as part of a lien on the vehicle (*see Matter of BMW Bank of N. Am. v G & B Collision Ctr., Inc.*, 46 AD3d 875, 876 [2007]; *Phillips v Catania*, 155 AD2d at 866). Refusing to release property based upon the improper assertion of a lien can give rise to a cause of action for conversion (*see Matter of BMW Bank of N.*

*Am. v G & B Collision Ctr., Inc.*, 46 AD3d at 876-877; *F & N Corvette & Classics v Corvette Repairs*, 206 AD2d 349, 350 [1994]; cf. *Macumber v Detroit Cadillac Motor Car Co.*, 173 App Div 724, 725-726 [1916]).

Here, there was evidence that plaintiff asserted a lien that was not specific to each vehicle, the lien included an estimate for a vehicle on which no repairs had been made (i.e., the Caterpillar excavator), and the lien included storage charges that had not been specifically authorized. Defendant sought release of the property and tendered amounts that would have satisfied a properly asserted lien. This evidence of the improper use of a lien supports a viable cause of action for conversion.

The fact that plaintiff had commenced an action prior to defendant's tender does not, as asserted by plaintiff, provide a basis for refusing to release the property. A tender to release a lien is not necessarily a settlement of the underlying action. The action on the debt is separate from the lien, it may include costs beyond those allowed as part of a lien, and it may be maintained even though the lien is discharged (*see Ledwell v Entire Serv. Corp.*, 224 App Div 433, 434 [1928], *affd* 252 NY 548 [1929]; *Rush v Wagner*, 184 App Div 502, 504 [1918]; cf. *Ukryn v Morgan Mar. Base*, 100 AD2d 649, 649-650 [1984]).

While defendant presented sufficient evidence of the fair market value of the subject equipment at the time of the alleged conversion to avoid summary dismissal (*see Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326 [1980]; *Ahles v Aztec Enters.*, 120 AD2d 903, 905 [1986], *lv denied* 68 NY2d 611 [1986]), we note that the proof was totally insufficient to support defendant's claim for punitive damages (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007]; *Shoecraft v BBS Automotive Group, Inc.*, 48 AD3d 786, 787-788 [2008]). Accordingly, punitive damages cannot be sought upon remittal.

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed defendant's counterclaim for conversion; said claim reinstated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.