*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    520286
_____

In the Matter of ALLY
   FINANCIAL INC.,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

OAKES TOWING SERVICE, INC.,
                    Respondent,
                    et al.,
                    Respondent.
_____


Calendar Date:   June 3, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

                    _____


        Rudolph J. Meola, Albany, for appellant.

        Meggesto, Crossett & Valerino, Syracuse (James A. Meggesto
of counsel), for Oakes Towing Service, Inc., respondent.


                    _____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (McNamara, J.),
entered September 8, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to Lien Law
§ 201-a, to declare a garagekeeper's lien null and void.

        On August 13, 2013, respondent Oakes Towing Service, Inc.
(hereinafter respondent)[1] towed a vehicle — in which petitioner

_____

        [1]  Petitioner also commenced this special proceeding against
respondent Department of Motor Vehicles, which has submitted a
letter to this Court advising that it is neither filing a brief

had a perfected lien — at the request of a local police department in Onondaga County.  Shortly thereafter, respondent mailed a notice to petitioner via certified mail advising, among other things, that the subject vehicle had been towed and that respondent would be charging certain fees for its storage.  The Onondaga County District Attorney's office, which had placed a hold on the vehicle, authorized the release of the vehicle on December 8, 2013.[2]

Thereafter, by order to show cause dated January 31, 2014, petitioner commenced this special proceeding seeking to declare respondent's lien null and void.  Upon the posting of a $20,000 bond, respondent released the vehicle to petitioner on February 7, 2014.  Supreme Court subsequently upheld the validity of respondent's lien, prompting this appeal by petitioner.

Lien Law § 184 (5) sets forth the requirements that must be met in order for an entity that has towed and stored a motor vehicle at the direction of a law enforcement agency to assert a lien for such storage.  Specifically, the statute provides that the entity seeking to assert the lien must "mail by certified mail, return receipt requested, a notice . . . to every person who has perfected a security interest in such motor vehicle or who is listed as a lienholder upon the certificate of title . . . within [20] days of the first day of storage.  Such notice shall include the name of the [entity] providing storage of the motor vehicle, the amount being claimed for such storage, and [the] address and times at which the motor vehicle may be recovered.  The notice shall also state that the [entity] providing such notice claims a lien on the motor vehicle and that such motor vehicle shall be released upon full payment of all storage charges accrued on the date the motor vehicle is released" (Lien

nor taking a position on this appeal.

[2]  Although the vehicle's owner sought release of the vehicle in September 2013, petitioner did not seek release of the vehicle until some point after November 12, 2013, at which time it sent a letter to respondent advising of its intention to do so.

Law § 184 [5]).  As the garagekeeper's lien for storage charges is purely statutory, it must be strictly construed (see Grant St. Constr., Inc. v Cortland Paving Co., Inc., 55 AD3d 1106, 1107 [2008]; Philips v Catania, 155 AD2d 866, 866 [1989]).  A person who is entitled to notice of such lien may commence a special proceeding to determine the validity thereof (see Lien Law § 201-a).

Initially, we reject petitioner's assertion that the subject lien was premature.  The crux of petitioner's argument on this point is that, because the local District Attorney's office had placed a hold on the vehicle, petitioner could not have recovered the vehicle at the point in time that the underlying notice of lien was tendered.  As the hold on the vehicle was not lifted until December 2013, the argument continues, the notice of lien mailed by respondent in August 2013 necessarily was premature.  Petitioner's argument, however, is belied by the terms of Lien Law § 184 (5), which requires that the party asserting the lien give notice thereof within 20 days of the first day of storage – here, August 13, 2013.  Simply put, nothing in the statute conditions the required notice upon the lienholder's present ability to recover the vehicle.

Turning to the merits, upon reviewing the notice of lien itself, as well as the affidavit of respondent's secretary and treasurer attesting to the time and manner in which such notice was mailed to petitioner, we are satisfied that the requirements of Lien Law § 184 (5) have been met.  Although the notice of lien arguably could have been drafted with greater clarity, the essential statutory requirements – including, but not limited to, the amount being claimed for storage of the vehicle and respondent's contact information – are apparent on the face thereof.  As Supreme Court correctly observed, "[t]he notice [was] clear as to when, where and how the vehicle could be recovered."  Petitioner's remaining contentions, including its argument regarding the applicability of Lien Law § 203, have been examined and found to be lacking in merit.

Peters, P.J., McCarthy and Rose, JJ., concur.

-4-                          520286

ORDERED that the judgment is affirmed, with costs.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court