Mark H. Israel, Appellant,
against
DA Auto Repairs Corp., Respondent.




Becker & Poliakoff, LLP (Glenn H. Spiegel, Esq.), for appellant.
Law Offices of Saul Bienenfeld, P.C. (Saul Bienenfeld, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered January 28, 2016. The order, among other things, in effect, dismissed the petition in a special proceeding brought pursuant to Lien Law § 201-a to challenge the validity of a lien.




ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of petitioner canceling the lien.
Petitioner commenced this special proceeding pursuant to Lien Law § 201-a to challenge the validity of a lien on an automobile he owns which is in the possession of respondent DA Auto Repairs Corp. Petitioner alleged in his affidavit that his vehicle had been in an automobile accident on October 1, 2015, and he had not authorized respondent to make any repairs to his automobile. He alleged that, on October 4, 2015, he had asked that his vehicle be returned to him.
After oral argument, by order entered January 28, 2016, the Civil Court, among other things, in effect, dismissed the petition.
"In response to a challenge to the lien pursuant to Lien Law § 201—a, the lienor must make a prima facie showing of the validity of the lien and entitlement to the amount claimed" (Matter of BMW Bank of N. Am. v G & B Collision Ctr., Inc., 46 AD3d 875, 876 [2007]). "The statute clearly inures to the benefit of a garage owner who can establish the following elements: (1) the garage is the bailee of a motor vehicle; (2) it has performed garage services or stored the vehicle with the vehicle owner's consent; (3) there was an agreed-upon price or, if no agreement on price had been reached, the charges are reasonable for the services supplied; and (4) the garage is a duly registered motor vehicle repair shop as required under article 12-A of the Vehicle and Traffic Law" (Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d 725, 730 [1995] [citations omitted]; see Lien Law § 184; Matter of Daimler Trust & Daimler Tit. Co. v SG Autobody LLC, 112 AD3d 1123, 1124 [2013]).
In this case, respondent's opposition consisted only of an affirmation signed by one purporting to be a "partner" in DA Auto Repairs Corp., which affirmation failed to make a prima facie showing of the validity of the lien and the lienor's entitlement to the amount claimed since respondent did not establish that it had performed the repair services, that the parties had agreed upon a price or that, absent such agreement, the charges were reasonable, or that the repair shop was duly registered as required by statute (see Lien Law § 184; Matter of National Union Fire Ins. Co. of Pittsburgh, Pa., 85 NY2d at 730; Matter of Daimler Trust & Daimler Tit. Co., 112 AD3d at 1124; Matter of BMW Bank of N. Am., 46 AD3d at 876). 
We note that a special proceeding should terminate in a judgment, not an order (see CPLR 411).
Accordingly, the order is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of petitioner canceling the lien.
SOLOMON, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017