Matter of HVT, Inc. v All County Towing & Recovery (2018 NY Slip Op 08222)





Matter of HVT, Inc. v All County Towing & Recovery


2018 NY Slip Op 08222


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

525941

[*1]In the Matter of HVT, INC., Respondent,
v
ALL COUNTY TOWING AND RECOVERY, Appellant, et al., Respondent.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Peter B. O'Connell, Albany, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for HVT, Inc., respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeals (1) from an order of the Supreme Court (McNally Jr., J.), entered February 10, 2017 in Albany County, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void, and (2) from an order of said court, entered November 8, 2017 in Albany County, which, among other things, denied a motion by respondent All County Towing and Recovery to renew.
On April 17, 2016, respondent All County Towing and Recovery (hereinafter respondent) towed a vehicle to its facility at the direction of the Nassau County Police Department (hereinafter NCPD). Shortly thereafter, respondent mailed a notice to the registered owner and petitioner, which held a perfected lien over the subject vehicle's title, stating, among other things, that it had impounded the vehicle and it would be released "upon full payment of all charges accrued," which was represented to be $282.44. On May 5, 2016, petitioner tendered $282.44 to respondent so that the vehicle could be released. Respondent, however, refused to release the vehicle unless petitioner obtained, among other things, a police release from the NCPD. Petitioner subsequently commenced this special proceeding seeking to declare respondent's lien null and void. Respondent answered and asserted, as an affirmative defense, that it had fully complied with the Lien Law's requirements and that it was entitled to a lien in the amount of $3,204.44. In a February 2017 order, Supreme Court, as relevant here, granted the petition to the extent of declaring respondent's lien in the amount of $3,204.44 invalid and denied it to the extent of declaring respondent's lien in the amount of $282.44 valid. Respondent now appeals from this order, as well as a November 2017 order, among other things, denying renewal.
Respondent contends that, notwithstanding petitioner's tender on May 5, 2016, it was prohibited from releasing the vehicle absent an authorization from the NCPD and, therefore, was entitled to $3,204.44 in fees and expenses. We disagree. Respondent, who towed the vehicle at [*2]the direction of law enforcement, "has a lien upon such motor vehicle . . . for the sum due for such towing, storing . . . [or] keeping . . . of such motor vehicle . . . and may detain such motor vehicle . . . at any time it may be lawfully in his [or her] possession until such sum is paid" (Lien Law § 184 [1] [emphasis added]). Respondent does not dispute that, on May 5, 2016, petitioner tendered $282.44 — the amount reflected in the notice — to have the vehicle released. Respondent rejected the tender and refused to release the vehicle unless petitioner provided, among other things, a release authorization from the NCPD. However, the statutory scheme, which must be strictly construed (see Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d 1423, 1425 [2018]; Grant St. Constr., Inc. v Cortland Paving Co., Inc., 55 AD3d 1106, 1107 [2008]), does not contain a provision allowing respondent to condition a vehicle's release upon a release authorization from law enforcement officials (see Matter of Ally Fin., Inc. v All County Towing & Recovery, ___ AD3d ___, ___ [decided herewith])[FN1]. Accordingly, we find no error in that part of Supreme Court's February 2017 order declaring respondent's lien seeking $3,204.44 invalid.
Finally, Supreme Court, in the November 2017 order, properly adhered to its original determination to the extent that respondent sought reargument (see CPLR 2221 [d] [2]). Supreme Court also properly denied that part of respondent's motion seeking renewal inasmuch as respondent failed to offer any new fact or show any change of law that would have changed the original determination (see CPLR 2221 [e] [2]). Respondent's remaining contentions have been considered and lack merit.
McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the orders are affirmed, with costs.



Footnotes

Footnote 1: Even assuming that respondent was correct, the evidence submitted with its answer failed to establish that the vehicle was subject to an official impound hold by the NCPD at the time when petitioner tendered payment so as to make a release authorization necessary.