Osyma Elfadil, Respondent, 
against
Cyclone Auto Body Collision, Inc., Appellant.




Cyclone Auto Body Collision, Inc., appellant pro se.
Law Offices of William Pager (William Pager of counsel), for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered October 27, 2016. The judgment awarded plaintiff the principal sum of $3,527.54.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover storage fees she had paid to defendant in order to retrieve her vehicle from defendant's shop. After a nonjury trial, judgment was entered in favor of plaintiff in the principal sum of $3,527.54. Defendant appeals.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). The deference normally accorded to the credibility determinations of a trial court applies with greater force in the small claims part of the court, given the limited scope of review (see Williams v Roper, 269 AD2d at 126).
Lien Law section 184 (2) allows a person who tows a vehicle at the request of a police [*2]agency a lien for reasonable costs of the towing and storage so long as the person complies with the notice requirements. It is undisputed that defendant did not comply with the notice requirements. Therefore, defendant did not have a valid lien for storage fees and is unable to recover for storage in the absence of a specific agreement. Here, there was no agreement between the parties for storage fees. Thus, defendant was not entitled to storage fees (see Phillips v Cantania, 155 AD2d 866 [1989]). Consequently, the court's determination in favor of plaintiff rendered substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 18, 2019