Matter of Santander Consumer USA, Inc. v Steve Jayz Automotive Inc. (2021 NY Slip Op 04998)





Matter of Santander Consumer USA, Inc. v Steve Jayz Automotive Inc.


2021 NY Slip Op 04998


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

531437
[*1]In the Matter of Santander Consumer USA, Inc., Respondent,
v
Steve Jayz Automotive Inc., Appellant, et al., Respondent.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

E. Stewart Jones Hacker Murphy LLP, Troy (John F. Harwick of counsel), for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Lynch, J.), entered May 12, 2020 in Albany County, which, among other things, granted petitioner's application, in a combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action, to declare a garagekeeper's lien null and void.
On January 27, 2019, respondent Steve Jayz Automotive Inc. (hereinafter respondent), an auto repair business located in Bronx County, contracted with the owner of a 2015 BMW motor vehicle to repair the vehicle's front bumper and store the vehicle at no charge until February 25, 2019, the scheduled pick-up date. The repair order, which consists of a preprinted form, contained the following handwriting: "storage and [f]ront [b]umper [r]epairs" and, under the "parts index" of said form, was written: "[c]ustomer will pick up [b]y Feb 25th. $55 storage per day as per Feb 25." The owner failed to pick up the vehicle on February 25, 2019 and respondent, on September 6, 2019, "caused a [n]otice of [l]ien and [s]ale to be mailed" to the owner and to petitioner, the lienholder of the vehicle. The notice stated that respondent's lien began to accrue on January 27, 2019, 28 days before the date set forth in the repair order.
After petitioner unsuccessfully sought to redeem the vehicle, it commenced this combined special proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action seeking to declare the lien null and void and asserting causes of action for replevin, conversion and under the General Business Law. After the matter was commenced, petitioner moved for an order directing the release of the vehicle upon the filing of a $15,000 bond. Following petitioner's posting of the bond, Supreme Court (Ryba, J.) ordered the release of the vehicle to petitioner, but respondent failed to release the vehicle. Respondent then answered and moved to dismiss the proceeding/action, alleging, among other things, that it was untimely (see Lien Law § 201-a; CPLR 3211 [a] [1], [5]).[FN1] Supreme Court (Lynch, J.), treating the motion as one for summary judgment (see CPLR 3211 [c]), denied the motion and granted the petition, declaring that the lien for storage fees was exaggerated and barred by laches, and was therefore null and void. The court ordered that petitioner was entitled to possession of the vehicle.[FN2] Respondent appeals.
Respondent contends that Supreme Court erred in voiding the entire lien due to its exaggerated value.[FN3] We do not discern from the court's decision that the lien was null and void in its entirety because it was found to be exaggerated. Rather, the court held that the lien was void based on laches, citing respondent's intentional and unreasonable delay of more than six months in preparing the notice of lien and sale after the storage fees began to accrue, which delay undermined petitioner's redemption rights (see Lien Law § 203).
"A garagekeeper's lien is authorized by Lien Law § 184 (1) and the purpose [*2]of this statute is to provide the repair shop with security for the labor and material it expends which enhance the value of the vehicle" (Grant St. Constr., Inc. v Cortland Paving Co., Inc., 55 AD3d 1106, 1107 [2008] [internal quotation marks, brackets and citation omitted]). "The statute is in derogation of common law and thus is strictly construed" (id. [citation omitted]; see Matter of Santander Consumer USA, Inc. v A-1 Towing Inc., 163 AD3d 1330, 1331 [2018], lv denied 32 NY3d 910 [2018]). "Laches is defined as an equitable bar, based on a lengthy neglect or omission to assert a right and the resulting prejudice to an adverse party" (Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1310 [2019] [internal quotation marks and citations omitted], lv dismissed 34 NY3d 1010 [2019]). We are unpersuaded by respondent's claim that the doctrine of laches is inapplicable to the circumstances of this case as the claim is purely statutory and does not lie in equity. Petitioner, by posting a $15,000 bond as collateral for respondent's claim, has attempted in good faith to discharge the lien. We note that this action to enforce the lien equitable, not legal, in nature (see Tri-City Elec. Co. v People, 96 AD2d 146, 149 [1983], affd 63 NY2d 969 [1984]). Moreover, it is clear from the record that petitioner was unaware of the existence of the lien until more than six months after storage charges began to accrue, and it was prejudiced by respondent's assertion of such claim after such a prolonged period of delay. "It is well settled that where neglect in promptly asserting a claim for relief causes prejudice to one's adversary, such neglect operates as a bar to a remedy and is a basis for asserting the defense of laches" (Sparkling Waters Lakefront Assn., Inc. v Shaw, 42 AD3d 801, 803 [2007] [internal quotation marks and citations omitted]; see Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d at 1310). Accordingly, the recovery of the lien by respondent was properly barred by laches.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Pursuant to Lien Law § 201-a, petitioner was required to commence the lien proceeding within 10 days of service of the notice of lien and sale. Supreme Court (Lynch, J.) determined that respondent's averment that he "caused [said notice] to be mailed" was insufficient to establish that the notice was served on petitioner.

Footnote 2: Supreme Court severed the causes of action for replevin, conversion and damages pursuant to General Business Law § 349 (g) from the action for declaratory judgment and the plenary action.

Footnote 3: We note that Supreme Court found that respondent satisfied its burden of establishing a valid lien (see Matter of Santander Consumer USA, Inc. v A-1 Towing Inc., 163 AD3d 1330, 1331 [2018], lv denied 32 NY3d 910 [2010]), an issue not raised on appeal.