Matter of Palisades Funding Corp. v Joe's Garage (2023 NY Slip Op 05567)

Matter of Palisades Funding Corp. v Joe's Garage

2023 NY Slip Op 05567

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

535733
[*1]In the Matter of Palisades Funding Corp., Respondent,
v
Joe's Garage, Appellant, et al., Respondent.

Calendar Date:September 6, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Mann Law Firm, PC, Latham (Matthew J. Mann of counsel), for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Palisades Funding Corp., respondent.

Clark, J.P.
Appeal from an order of the Supreme Court (Christina L. Ryba, J.), entered June 3, 2022 in Albany County, which, among other things, partially granted petitioner's application, in a combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action, to declare a garagekeeper's lien null and void.
On June 30, 2021, respondent Joe's Garage (hereinafter respondent), a repair and towing service licensed by respondent Department of Motor Vehicles, was contacted by the State Police to tow a damaged vehicle. Respondent towed the vehicle to its facility in the City of Binghamton, Broome County, and stored it there at the rate of $75 per day. On September 14, 2021, respondent sent a document titled "NOTICE OF LIEN AND SALE" via certified mail to both the vehicle's owner and petitioner, who held a lien on the vehicle. The notice provided that, after storing the vehicle for 47 days, respondent claimed a garagekeeper's lien in the sum of $4,160, and that respondent planned to sell the vehicle at a public auction on October 15, 2021. Respondent published the requisite public notices of sale and, on the date of the auction, Joseph Furlong, respondent's owner and the sole participant at the auction, had the winning bid. Thereafter, Furlong successfully obtained a new title which did not reflect petitioner's lien. In December 2021, Furlong resold the vehicle.
In February 2022, petitioner, through an order to show cause, commenced the instant combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action seeking, among other things, to declare the garagekeeper's lien null and void and damages for conversion of the vehicle. Respondent opposed the relief requested and cross-moved to dismiss the petition/complaint, arguing that petitioner's failure to redeem the garagekeeper's lien prior to the auction, despite receiving the notice of lien and sale, amounted to an abandonment of its interest and, in any case, petitioner lacked standing to bring a cause of action for conversion because such remedy is only available to owners, not lienholders. Supreme Court denied respondent's cross-motion and determined that, because respondent had failed to strictly comply with the process for establishing a garagekeeper's lien, it failed to establish a valid lien. As such, respondent's subsequent sale of the vehicle at auction was improper, making it liable to petitioner in conversion. The court then directed discovery on the issue of damages. Respondent appeals.
As relevant here, a garagekeeper must "mail by certified mail, return receipt requested, a notice . . . to every person who has perfected a security interest in such motor vehicle or who is listed as a lienholder upon the certificate of title of such motor vehicle . . . within [20] days of the first day of storage" (Lien Law § 184 [5]). Such notice must contain the garagekeeper's name, the amount alleged to be owed, the vehicle's location, the times [*2]when the vehicle may be retrieved, a statement that the garagekeeper claims a lien over the vehicle and that the vehicle's release is conditioned on full payment of storage charges up to the date of retrieval (see Lien Law § 184 [5]; Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d 1423, 1425-1426 [3d Dept 2018]). Because this schema provides a garagekeeper the extrajudicial right to secure an interest over the property of another, a garagekeeper asserting a lien bears the burden of establishing that it strictly complied with each and every requirement of the statute (see Matter of Santander Consumer USA, Inc. v Steve Jayz Auto. Inc., 197 AD3d 1407, 1409 [3d Dept 2021]; Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d at 1425-1426; Matter of Ally Fin. Inc. v Oakes Towing Serv., Inc., 130 AD3d 1355, 1356 [3d Dept 2015]).
Supreme Court properly found that respondent failed to establish a garagekeeper's lien over the subject vehicle. Indeed, Furlong's affidavit asserts that respondent mailed petitioner a notice of sale and lien on September 14, 2021, and that it published notices of sale in the local newspaper. However, the record is devoid of any assertion or documentary proof that respondent mailed petitioner any notice that complied with the requirements of Lien Law § 184 (5). Because respondent failed to establish that it fulfilled the statutory requirements that would entitle it to a garagekeeper's lien, Supreme Court properly declared the claimed lien void (see Matter of Santander Consumer USA, Inc. v A-1 Towing Inc., 163 AD3d 1330, 1332 [3d Dept 2018], lv denied 32 NY3d 910 [2018]; Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d at 1425-1426; compare Matter of Ally Fin. Inc. v Oakes Towing Serv., Inc., 130 AD3d at 1357). Further, to the extent that respondent argues that the notice of lien and sale satisfied the requirements of Lien Law § 184 (5), such argument fails, as said notice failed to provide the "times at which the motor vehicle may be recovered" and was not "mail[ed] by certified mail, return receipt requested" (Lien Law § 184 [5] [emphasis added]); see Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d at 1426). Respondent's concession that such a return receipt was not requested for the notice also defeats its claim that petitioner was time-barred from bringing the instant proceeding, as "the 10-day period to commence a proceeding to declare [a garagekeeper's] lien void does not begin to run" until service has been effected (Matter of Santander Consumer USA, Inc. v Aledrew Corp., 206 AD3d 1191, 1192 [3d Dept 2022]; see Lien Law §§ 201; 201-a; Matter of Manufacturers & Traders Trust Co. v J.D. Mar. Serv., 187 AD3d 1249, 1251-1252 [3d Dept 2020]).
Respondent is also mistaken in its assertion that petitioner lacks standing to bring a claim for conversion. Indeed, petitioner, as a lienholder with a security interest over the subject vehicle, may pursue [*3]a claim for conversion of such property (see e.g. Matter of Santander Consumer USA, Inc. v Autorama Enters., Inc., 205 AD3d 1116, 1117 [3d Dept 2022]; Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 862 [3d Dept 2011]; Matter of BMW Bank of N. Am. v G & B Collision Ctr., Inc., 46 AD3d 875, 877 [2d Dept 2007]).
Respondent's remaining contentions have been examined and, to the extent not expressly addressed herein, have been found to lack merit.
Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.