■ VINCENT C. MILO, Respondent, v FRED BIEGLER et al., Doing Business as MASTER MARINE, et al., Appellants. — Judgment, Supreme Court, New York County (Kaplan, J.), entered September 15, 1980, after a nonjury trial, awarding plaintiff $8,640 for the loss of his pleasure boat, unanimously reversed, on the law, without costs and disbursements, and the complaint dismissed. Plaintiff docked his boat at defendants' marina in Hampton Bays for the summer, 1979, and paid $300 for this privilege. On or about August 19, 1979, the boat was apparently stolen, the mooring lines having been cut. The trial court found that no bailment had been created, but that defendants Fred and John Biegler, doing business as Master Marine, were negligent in failing to observe a duty to exercise reasonable care to prevent third parties from using their premises to cause loss of or injury to plaintiff's property. "An arrangement whereby a pleasure boat owner obtains the mere privilege of mooring his vessel at a dock or in a marina does not constitute a bailment for hire so as to make the owner of the dock or marina liable for the disappearance of the craft". (64 NY Jur, Wharves, § 60; see *Blank v Marine Basin Co.,* 178 App Div 666.) Acknowledging that issues of credibility of witnesses was for the trial court who sat as finder of fact and that such court is in a better position to determine credibility, we conclude that the record amply supports the trial court's finding of no bailment. However, as to negligence there is simply no basis in the record for affixing liability for the loss of the boat on any of the defendants. The record demonstrates that the boat was not lost due to the condition of the docking facility. The obligation of a wharfinger is to use reasonable care to keep his dock in such a state as to be reasonably safe for use

by vessels which he invites to enter it, or for which he holds it out as fit and ready. He is not an insurer of the safety of vessels which use his facilities. There is no finding that the defendants assumed control over the boat and it may reasonably be concluded that defendants' charge of wharfage did not involve taking over or assuming the legal custody of the boat while it was docked at the marina. The record does not demonstrate an agreement by defendants or any of them to keep a daily or continuous guard over plaintiff's boat. Accordingly, no basis exists to predicate liability on defendants for this loss and the complaint must be dismissed. Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Lupiano, JJ.