■ YS CONSULTING GROUP, LTD., Appellant, et al., Plaintiff, v KNUTSON'S MARINA, INC., et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover property damages and damages arising from the allegedly unlawful retention of and negligent damage to a motorboat, the plaintiff YS Consulting Group, Ltd., appeals from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered March 24, 1987, as denied its motion for partial summary judgment dismissing the respondents' affirmative defense.

Ordered that the order is affirmed insofar as appealed from, with costs, and, upon searching the record, partial summary judgment is granted to the respondents dismissing the second, fourth, fifth, sixth and seventh causes of action.

The appellant's predecessor in interest, the plaintiff Yacht Shares, Ltd., delivered its motorboat to the defendant Knutson's Marina, Inc. (hereinafter the Marina) for storage and routine maintenance, whereby the Marina acquired a possessory lien pursuant to Lien Law § 184. Upon reclaiming the boat, Yacht Shares, Ltd., tendered a check for the sum due for services rendered. Several days thereafter, Yacht Shares, Ltd., stopped payment on the check, claiming that the Marina negligently damaged the interior carpeting of the vessel. Subsequently, the boat was returned to the Marina so that the carpeting could be repaired.

A review of the record demonstrates that the agent of Yacht Shares, Ltd., who piloted the boat to the Marina, voluntarily left the boat at the Marina, with the vessel's keys in the ignition switch. After the carpet work was completed, the Marina refused the tender of Yacht Shares, Ltd., of a second check in payment for the original services rendered, insisting on cash or a certified check.

Contrary to the appellant's contention, there is no evidence that the Marina unlawfully regained possession of its motorboat. To the contrary, the record establishes that the Marina regained lawful possession with the consent or acquiescence of the owner as defined in Lien Law § 184 *(see, Rapp v Mabbett Motor Car Co.,* 201 App Div 283, 287). Therefore, the Marina, being lawfully in possession of the motorboat, had the right to retain it until the sum due for storage and maintenance had been paid *(see,* Lien Law § 184), and summary judgment on this issue should have been granted to the respondents. Moreover, since the second, fourth, fifth, sixth and seventh causes

of action rest entirely on the claim that the retention of the motorboat was improper, summary judgment dismissing those causes of action must also be granted. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.