*233 OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs, motion granted and lien cancelled.
Plaintiff herein is the owner of a houseboat. He and his wife entered into a "Term Slip Rental Agreement” with defendant on April 4, 1989 for three years, which agreement permitted plaintiff to dock his houseboat at defendant’s slip. When plaintiff was delinquent with the rent payment, defendant caused a lien to be filed against the boat under section 184 of the Lien Law. Plaintiff’s initial motion to cancel the lien was based on the arguments that the notice of lien was defective and that the houseboat was not a "vessel” under the Lien Law. The court, in its decision of May 24, 1991 (reduced to an order dated Sept. 20, 1991) held that plaintiff failed to sustain its burden of proof on those issues and found for the defendant.
Plaintiff retained new counsel and a motion was immediately made to vacate that earlier decision on the ground that the court did not have jurisdiction over the issues since there was no basis for the lien, the underlying relationship not being a bailment and that this area was superseded by Federal law. The court again denied the motion.
The solution to the legal issues presented herein lies with the relationship of the parties to each other. Section 184 of the Lien Law, upon which the defendant relies, is entitled, "Lien of bailee of motor vehicles, motor boats or aircraft”. We do not reach the issue of whether this houseboat would be a covered "vessel” under this section. It is apparent that the section in question presupposes the existence of a bailment as a condition precedent to the applicability of the section and the ability to place a lien on the vessel. However, the relation of the parties to each other herein is not that of bailor-bailee, but that of landlord and tenant (see, 9 NY Jur 2d, Bailments and Chattel Leases, § 13; 64 NY Jur, Wharves, § 60; Milo v Biegler, 86 AD2d 503). None of the usual indicia of bailment are present in that plaintiff never gave exclusive dominion and control over the houseboat all during the period of time in question (see, Citizens Natl. Bank v Osetek, 353 F Supp 958 [court held that the owner of a mobile home park would not acquire a lien against the mobile homes under section 184 of the Lien Law when the occupants of the trailers defaulted in the payment of rent]). Defendant herein never had possession *234 of the houseboat. On the other hand, plaintiffs paid rent to the defendant and were responsible for utility payments for water and electricity as well. Therefore, if there is no basis on which to claim a garageman’s lien under section 184 of the Lien Law, then 46 USC § 31307 would preclude the litigation or enforcement of the lien in a State court proceeding. Said section provides that "This chapter supersedes any State statute conferring a lien on a vessel to the extent the statute establishes a claim to be enforced by a civil action in rem against the vessel for necessaries.” (46 USC § 31307.) This section would preclude the enforcement of any lien or the litigation of the lien in a State court (see, 2 Benedict, Admiralty §§ 37, 41 [7th ed]).
We therefore conclude that there was no basis on which to enforce a lien under section 184 of the Lien Law since there was no bailment of the houseboat and that defendant would be relegated to the Federal court to pursue its remedies.
DiPaola, P. J. Collins and Ingrassia, JJ., concur.