OPINION OF THE COURT
Memorandum.
Appeal from the order is unanimously dismissed.
Judgment unanimously affirmed without costs.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).
Plaintiff is the owner of a 42-foot 1971 Uniflight boat. Beginning in 1991, plaintiff entered into annual agreements with defendant for slip space at defendant’s marina. When plaintiff failed to make its annual payments for the 1994/1995 season, defendant issued a notice of lien and sale pursuant to Lien Law § 184, scheduling the sale of the boat on April 25, 1995. This lien was cancelled upon plaintiffs payment of $2,000 to defendant. Thereafter, defendant issued another notice of lien and sale pursuant to Lien Law § 184, scheduling the sale of the boat on August 15,1995. Plaintiff moved by order to show cause to cancel the lien. The court below granted plaintiffs motion, and entered a judgment thereon, cancelling the lien and directing defendant to turn over possession of the boat to plaintiff. We affirm the judgment.
In Albanese v Cow Bay Mar. Serv. (155 Misc 2d 232, 233), this court held that Lien Law § 184 "presupposes the existence of a bailment as a condition precedent to the applicability of the section and the ability to place a lien on the vessel.” Although the standard contract submitted by defendant contains hybrid language referring to both "Rental and storage”, the es *680 sential character of the relationship existing between the parties is that of landlord and tenant as the court below properly determined. There is no indication in this record that plaintiffs delivery of his boat at defendant’s marina was such as to amount to a relinquishment of plaintiffs exclusive control and dominion over the boat (see generally, 9 NY Jur 2d, Bailments and Chattel Leases, § 13). It is in fact uncontroverted upon this record that until defendant pulled plaintiffs boat out of its slip space for nonpayment of the annual slip fee, the boat was "continuously used by [plaintiffs president] almost on a daily basis, coming and going at will.” Defendant’s reliance on YS Consulting Group v Knutson’s Marina (134 AD2d 587) to support its argument that a bailment exited is misplaced since the recitation of the facts in that case clearly indicate that plaintiff YS Consulting Group Ltd., unlike the plaintiff herein, delivered the boat to defendant for "storage and routine maintenance.”
In the absence of a bailment there is no basis to enforce a lien under section 184 of the Lien Law and defendant would be precluded under 46 USC § 31307 from litigating or enforcing the lien in a State court proceeding (see, 2 Benedict, Admiralty §§ 37, 41 [7th ed]; Altanese v Cow Bay Mar. Serv., supra, at 234). We note that to the extent defendant’s assertion of a lien is for the period after it pulled plaintiffs boat out of its slip space for nonpayment of the slip fee, it is precluded from doing so under section 184 of the Lien Law for the reason that the statute clearly requires the "consent” of the owner of the boat. Defendant here has not disputed plaintiffs allegation that no such consent was given to defendant.
Collins, J. P., Ingrassia and Floyd, JJ., concur.