OPINION OF THE COURT
Cheryl J. Gonzales, J.
Petitioner commenced this proceeding seeking to be restored to possession of her home based on allegations that respondent illegally locked her out, and removed her dwelling from its loca *465 tion. Respondent, appearing by counsel, opposed the petition on the ground that this court lacks jurisdiction.
On the return date, petitioner stated that she had lived on the houseboat for five years, and had mail addressed to her at the marina address to support her contention. Respondent claimed that petitioner was a squatter and had no right to possession.
Respondent claims that the petition involves a houseboat that was repossessed. Pictures annexed to respondent’s papers appear to show a houseboat sitting on blocks on dry land. Respondent also argues that a houseboat is a chattel and it is not real property. Consequently, respondent contends that petitioner may not maintain a summary proceeding pursuant to RPAPL article 7.
Under Civil Court Act § 110 (a) the housing court is granted jurisdiction over “actions and proceedings involving the enforcement of state and local laws for the establishment ... of housing standards.” In Miami Riv. Boat Yard, Inc. v 60’ Houseboat Serial No. SC-40-2860-3-62 (390 F2d 597, 597 [5th Cir 1968]) the court described a houseboat as follows:
“A houseboat is nonetheless a boat because, as its name implies, it affords a water-borne place to live with the added advantage of at least some maritime mobility. That she has no motive power and must, as would the most lowly of dumb barges, be towed does not deprive her of her the status of a vessel.”
Further, in Hudson Harbor 79th St. Boat Basin, Inc. v Sea Casa (469 F Supp 987 [SD NY 1979]), which involved the seizure and relocation of a houseboat, used as a residence, pursuant to a maritime lien for wharfage or dockage, the court also classified it as a vessel, and added that as a vessel it is not a house or apartment.
Although the court in Albanese v Cow Bay Mar. Serv. (155 Misc 2d 232 [1993]) determined that there was a landlord-tenant relationship between the owner of a houseboat and the slip owner in a dispute involving a lien placed by the slip owner for delinquent rent, the court stated that federal court was the proper jurisdiction for the dispute.
Petitioner commenced this proceeding pursuant to RPAPL 713 (10). However, as stated in RPAPL 701 (1), special proceedings under article 7 may be brought to recover possession of real property. A houseboat is not real property which is defined *466 in RPAPL 111 (2) as “lands, tenements and hereditaments and chattels real,” and consequently petitioner cannot maintain this special proceeding.