2212 Prop. LLC v Bernal (2024 NY Slip Op 51290(U))

[*1]

2212 Prop. LLC v Bernal

2024 NY Slip Op 51290(U)

Decided on September 17, 2024

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 17, 2024
Civil Court of the City of New York, Queens County

2212 Property LLC, Petitioner,

against
Rodrigo Bernal, JOHN DOE, JANE DOE, Respondents.
2212 PROPERTY LLC, Petitioner,
against
GUSTAVE HAUSSER, JOHN DOE, JANE DOE, Respondents.
2212 PROPERTY LLC, Petitioner,
against
RAMON BAZURTO, JOHN DOE, JANE DOE, Respondents.

Index No. L&T 319608/23

Sherry H. Lin, Esq.
Michael P. Berkley, Esq.
Law Offices of Michael P. Berkley, P.C.
Garden City, NY
Attorneys for petitioner
Luke J. Bigelow, Esq.
Viscardi, Basner & Bigelow, P.C.
Richmond Hill, NY
Attorneys for respondents Rodrigo Bernal, Gustave Hausser, and Ramon Bazurto

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of the court's sua sponte setting the matter down for a determination pursuant to CPLR § 409(b):
Papers on #319608/23 Numbered
Attorney Letter Brief & All Documents Annexed 1 (NYSCEF #26)
Petition 2 (NYSCEF #1)
Papers on #319609/23 Numbered
Attorney Letter Brief & All Documents Annexed 1 (NYSCEF #24)
Petition 2 (NYSCEF #1)
Papers on #319611/23 Numbered
Attorney Letter Brief & All Documents Annexed 1 (NYSCEF #25)
Petition 2 (NYSCEF #1)
Upon the foregoing cited papers, the decision and order (for each of the above cases, consolidated in this Decision/Order for determination) upon the court's sua sponte setting the matter down for a determination pursuant to CPLR § 409(b) is as follows:
PROCEDURAL HISTORY & CPLR § 409(b) DETERMINATION
These three related holdover proceedings were filed in November 2023. The full procedural history for the proceedings was recounted in the court's August 20, 2024 Decision/Order (see 2212 Prop. LLC v. Bernal, 83 Misc 3d 1272[A], 2024 NY Slip Op [*2]51083[U] [Civ Ct, Queens County 2024]). After petitioner's attorneys submitted a letter brief with attachments on the issues identified by the court as potentially determinative issues pursuant to CPLR § 409(b), the court heard argument on September 13, 2024 and reserved decision.
In a summary proceeding brought under Article 7 of the RPAPL (which is a special proceeding governed by Article 4 of the CPLR), the court "shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised." CPLR § 409(b); see also Matter of Bahar v. Schwartzreich, 204 AD2d 441, 443 [2d Dept 1994]). Moreover, in a summary eviction proceeding, "relief can be granted to a petitioner only where all the elements of the petitioner's cause of action have been made out[.]" 1646 Union, LLC v. Simpson, 62 Misc 3d 142[A], 2019 NY Slip Op 50089[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019].
In its Decision/Order dated August 20, 2024, the court identified the following issues upon which the court would potentially render a determination pursuant to CPLR § 409(b): (1) the contradiction between the predicate notice allegations and the allegations in the petition as to respondents' interests in the respective subject premises; and (2) how the identical description of the subject premises in the petitions for these separate proceedings "will permit [a] marshal to identify the premises sought to be recovered" from each respective respondent, and permitted briefing thereon. Only petitioner submitted a brief on these issues.
Upon review of petitioner's brief and annexed submissions and the petitions, the court finds that each of the three (3) petitions in these proceedings are defective inasmuch as they do not adequately state respondents' interests in the premises and because they do not adequately describe the subject premises (see CPLR §§ 741(2) and 741(3)). A petition that contains fundamental omissions and/or misstatements is subject to dismissal (see Jamaica Seven, LLC v. Villa, 67 Misc 3d 138[A], 2020 NY Slip Op 50630[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Migliaccio v. Childs, 65 Misc 3d 131[A], 2019 NY Slip Op 51575[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
As the court detailed in its August 20, 2024 Decision/Order, the three petitions contain an allegation that the respondent is "the Occupant of the Premises. There is no written lease in effect between the Petitioner and the Respondents. The Occupant is a month to month occupant." However, the predicate notice for each proceeding cites to Real Property Law 232-a (which concerns notices to terminate monthly tenancies) and states that petitioner elects to "terminate your occupancy and tenancy . . . covering the space now occupied by you[.]" (emphasis added). There is no cause of action under RPAPL Article 7 for the termination of a month-to-month "occupancy." Excepting nonpayment proceedings, in a summary eviction proceeding, the cause of action must exist under either RPAPL § 711(1) or RPAPL § 713 (see 22 Hawthorne St. LLC v. Lendor, 2022 NY Slip Op 34536[U], *1 [Civ Ct, Kings County 2022]). The petitions do not state a cause of action under either statute. Moreover, the predicate notices each state a claim that differs from what is pleaded in each petition. Since petitioner is bound by each predicate notice served, which cannot be amended, each petition is defective insofar as it asserts a claim different from what is set out in the predicate notice (see Singh v. Ramirez, 20 Misc 3d 142[A], 2008 NY Slip Op 51680[U], *1-2 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
As for the descriptions of the subject premises, the petition in each case describes the premises identically: "22-12 119th Street, Boathouse, College Point, New York 11356." The [*3]appellate caselaw requires that the description in the petition "will permit [a] marshal to identify the premises sought to be recovered" from a respondent (US Airways, Inc. v. Everything Yogurt Brands, Inc., 18 Misc 3d 136[A], 2008 NY Slip Op 50279[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008] [citing RPAPL § 741(3)]). A defective description of the premises will subject the petition to dismissal (see Clarke v. Wallace Oil Company, Inc., 284 Ad2d 492, 493 [2d Dept 2001]; Everything Yogurt Brands, Inc., 2008 NY Slip Op 50279[U], *2-3). Although petitioner's attorney states that he called Marshal David Smith's office and received a response from the marshal's assistant that it would be "no problem" for the marshal to identify each premises, the court does not find that RPAPL § 741(3) allows for a subjective standard based on the opinion of a specific marshal. Rather, the standard is an objective one (see Sixth St. Community Ctr., Inc. v. Episcopal Social Servs., 19 Misc 3d 1143[U], 2008 NY Slip Op 51151[U], *2 [Civ Ct, NY County, Singh, J.]). The court does not find that a marshal going to the subject premises could reasonably identify each premises involved in the three proceedings at bar here without recourse to more information. Moreover, petitioner's attorney asserts in his affirmation that the respective premises are actually boats, not boathouses (see Berkley Affirmation, ¶ 5). A boat is personal property (see Manufacturers & Traders Trust Co. v. J.D. Mar. Serv., 187 AD3d 1249, 1252 [3d Dept 2020]), while a boathouse is, per Merriam-Webster, a "building to house and protect boats" (see Merriam-Webster Dictionary, boathouse [https://www.merriam-webster.com/dictionary/boathouse, last accessed September 16, 2024]). Thus, the description in the respective petitions is both imprecise and insufficient to permit a marshal to identify the specific premises where each respondent resides. Additionally, to the extent that petitioner seeks to remove the boats (effectively houseboats) from its property, the court does not find that Article 7 of the RPAPL is a permissible statutory means for doing so (see Andreacchi v. Marina, 25 Misc 3d 464, 465-466 [Civ Ct, Kings County 2009] [Holding that an Article 7 proceeding could not be maintained to recover possession of a houseboat because a houseboat was not "real property" as defined in the RPAPL]).
For each of these reasons, the petition is defective and fails to state a cause of action under RPAPL Article 7. Pursuant to CPLR § 409(b), the petitions in Index Nos. L&T 319608/23, 319609/23, and 319611/23 are dismissed. The clerk shall issue judgments in each proceeding dismissing the petition (see CPLR § 411).
This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: September 17, 2024
Queens, New York
HON. CLINTON J. GUTHRIE, J.H.C.