Matter of Ally Fin., Inc v All County Towing & Recovery (2018 NY Slip Op 08223)





Matter of Ally Fin., Inc v All County Towing & Recovery


2018 NY Slip Op 08223


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

526048

[*1]In the Matter of ALLY FINANCIAL, INC., Respondent,
v
ALL COUNTY TOWING AND RECOVERY, Appellant, et al., Respondent.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Peter B. O'Connell, Albany, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Ally Financial, Inc., respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order and judgment of the Supreme Court (Platkin, J.), entered June 7, 2017 in Albany County, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void.
On October 29, 2016, respondent All County Towing and Recovery (hereinafter respondent) towed a vehicle to its facility at the direction of a local police department. On November 2, 2016, respondent mailed a notice to the registered owner of the vehicle and petitioner, a lienholder, advising that the vehicle was in its possession as a result of a police impound, that a lien was being asserted pursuant to Lien Law § 184, that storage fees were accruing in the amount of $50 per day and that, once the vehicle was released from police impound, it could be retrieved "upon full payment of all charges accrued" as of the date of release. That same day, petitioner offered to pay the fees then due in order to take possession of the vehicle, but respondent refused to surrender the vehicle unless petitioner obtained a release authorization from the local police department. Petitioner's agent again attempted to recover the vehicle on November 7, 2016, and reported that respondent now demanded, in addition to a police release, the execution of a hold-harmless agreement in its favor.
By order to show cause, petitioner thereafter commenced this special proceeding seeking, among other things, to declare respondent's lien null and void [FN1]. Upon the posting of a $10,000 bond, respondent released the vehicle to petitioner. Respondent thereafter answered and [*2]asserted, as an affirmative defense, that it had complied with the requirements of the Lien Law and was entitled to a lien in the amount of $7,750.39 representing towing charges, storage fees, an administrative fee and taxes. Supreme Court granted the petition to the extent of declaring the claimed lien for an administrative fee and storage fees subsequent to November 1, 2016 as invalid and dismissed the petition to the extent of declaring that respondent has a valid lien in the amount of $308, plus applicable taxes, for towing and storage fees from the date of impound to November 1, 2016. This appeal by respondent ensued.
Supreme Court properly concluded that the purported lien for storage fees subsequent to November 1, 2016 was invalid. Lien Law § 184 provides that a registered motor vehicle repair shop, such as respondent, that tows and stores a motor vehicle at the request of law enforcement "has a lien upon such motor vehicle . . . for the sum due for such towing, storing . . . [or] keeping . . . of such motor vehicle . . . and may detain such motor vehicle . . . at any time it may be lawfully in his [or her] possession until such sum is paid" (Lien Law § 184 [1] [emphasis added]). The record reflects that, on November 2, 2016 and then again on November 7, 2016, petitioner offered to pay the fees due in order to have the vehicle released, but that respondent refused to release the vehicle absent petitioner's compliance with certain additional conditions. Strictly construing the statute, as we must (see Matter of Santander Consumer USA, Inc. v A-1 Towing Inc., 163 AD3d 1330, 1331 [2018]; Matter of Ally Fin. Inc. v Oakes Towing Serv., Inc., 130 AD3d 1355, 1356 [2015]), we conclude that nothing in Lien Law § 184 authorized respondent to condition the release of a vehicle upon the provision of a release authorization from law enforcement officials or the execution of a hold-harmless agreement in its favor (see Matter of HVT, Inc. v All County Towing and Recovery, ___ AD3d ___ [decided herewith]). Accordingly, Supreme Court did not err in declaring the asserted lien valid only to the extent that it encompassed towing and storage fees from October 29, 2016 to the date of respondent's wrongful demand for a police release on November 1, 2016.
Finally, we agree with Supreme Court that respondent's $50 daily storage fee is unreasonable (see generally Lien Law § 184 [2]; Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d 725, 730 [1995]). Petitioner submitted proof that respondent's fee is nearly double the $27 maximum storage rate set by the City of New York for police and nonconsensual tows, and that municipalities throughout the state generally charge maximum daily storage fees ranging from $20 to $27. In light of this proof, and given that respondent — which bore the burden of proof on this issue (see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d at 730) — failed to offer any evidence to substantiate the reasonableness of its $50 daily storage rate, we find no basis upon which to disturb Supreme Court's decision to reduce the storage fee to the rate of $27 per day.
Respondent's remaining contentions have been reviewed and found to be lacking in merit.
McCarthy J.P., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.



Footnotes

Footnote 1: Petitioner also named the Department of Motor Vehicles as a respondent for the purpose of freezing the vehicle's title during the pendency of this special proceeding. The Department has advised this Court by letter that it is neither submitting a brief nor taking a position on this appeal.