■ NATIONAL CAR RENTAL SYSTEMS, INC., Respondent, v ANTHONY J. VILLANO et al., Doing Business as VILLANO BROS., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered May 12, 1977 in Schenectady County, which granted plaintiff partial summary judgment. Defendants, operators of a body shop and towing business in the Town of Rotterdam, were requested by the Rotterdam Police Department to remove a 1973 Chevrolet with a Florida registration from an illegal parking space to their shop for storage. They did so. About one year later plaintiff requested the return of the vehicle. The request was declined unless storage and towing fees were paid. Plaintiff commenced an action for recovery of the automobile and damage for the period of alleged unlawful detention. Defendants answered and counterclaimed to recover storage and towing fees.

Thereafter, Special Term granted, in part, plaintiff's motion for summary judgment by (1) directing defendants to surrender possession of the vehicle to plaintiff, (2) dismissing defendants' counterclaim for storage fees and (3) directing that a plenary trial be held on the issue of damages for unlawful detention of the vehicle. Subdivision (c) of section 2129 of the Vehicle and Traffic Law, entitled "Garage operator's report", states in pertinent part: "An operator of a place of business for garaging, parking or storing vehicles for the public, in which a vehicle remains unclaimed for a period of thirty days, shall, within five days of the expiration of that period, report the vehicle as unclaimed to the commissioner * * * *A person who fails to report a vehicle as unclaimed in accordance with this subdivision forfeits all claims and liens for its garaging, parking or storage."* (Emphasis added.) Clearly, in the absence of the filing of any report with the Commissioner of Motor Vehicles, defendants lost their lien for storage.* Accordingly, Special Term was correct in awarding immediate possession of the vehicle to plaintiff and dismissing the counterclaim as to storage fees. Special Term was also correct in determining that questions of fact pertaining to the date of plaintiff's demand for return of the vehicle and the rental value for the period of unlawful retention require a plenary trial. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.

---

* Presumably, since section 2129 of the Vehicle and Traffic Law does not refer to towing charges the partial summary judgment did not dismiss that part of the counterclaim seeking to recover towing fees.