Estate of Joyce Savage v Kredentser (2020 NY Slip Op 01412)





Estate of Joyce Savage v Kredentser


2020 NY Slip Op 01412


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

527701

[*1]Estate of Joyce Savage et al., Respondents-Appellants,
v
Daniel C. Kredentser et al., Appellants-Respondents, and St. Peter's Hospital Center of the City of Albany, Inc., et al., Respondents.

Calendar Date: January 9, 2020

Before: Garry, P.J., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Thorn, Gershon, Tymann and Bonanni, LLP, Albany (Erin Mead of counsel), for appellants-respondents.
Savage Law PLLC, Beaufort, South Carolina (Denise L. Savage of counsel), for respondents-appellants.
Maguire Cardona, PC, Albany (Amanda Kuryluk of counsel), for respondents.



Mulvey, J.
Cross appeals from an order of the Supreme Court (Connolly, J.), entered September 20, 2018 in Albany County, which, among other things, partially denied a cross motion by defendants Daniel C. Kredentser and Women's Cancer Care Associates, LLC for summary judgment dismissing the complaint against them.
Following joinder of issue in this medical malpractice action, plaintiffs moved for, among other things, summary judgment on liability. Defendants Daniel C. Kredentser and Women's Cancer Care Associates, LLC cross-moved for summary judgment dismissing the complaint against them. Supreme Court denied plaintiffs' motion and partially denied the cross motion. Kredentser and Women's Cancer Care Associates appeal and plaintiffs cross-appeal.[FN1]
We have been informed that, during the pendency of these cross appeals, a trial was held on this matter and final judgments have been entered. Therefore, the appeal and cross appeal must be dismissed because "the right to appeal from a nonfinal order terminates upon the entry of a final judgment" (Augusta v Kwortnik, 161 AD3d 1401, 1403 [2018]; see McCormack v Maloney, 148 AD3d 1268, 1268-1269 [2017]). Finally, we note that the judgments were entered in November 2019. It was not until oral argument on January 9, 2020, however, that this Court was first apprised of the entry of these judgments. We take this opportunity to remind the bar that it must immediately notify this Court of any events that will impact a pending appeal and that the failure to do so may result in sanctions (see 22 NYCRR 1250.2 [c]).
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal and cross appeal are dismissed, without costs.



Footnotes

Footnote 1: This Court has previously decided appeals in this action regarding disclosure disputes (167 AD3d 1344 [2018]; 150 AD3d 1452 [2017]).