Matter of Ally Fin. Inc. v Bill's Towing Serv., Inc. (2020 NY Slip Op 01545)





Matter of Ally Fin. Inc. v Bill's Towing Serv., Inc.


2020 NY Slip Op 01545


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

529090

[*1]In the Matter of Ally Financial Inc., Respondent,
v
Bill's Towing Service, Inc., Appellant, et al., Respondent.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Peter B. O'Connell, Albany, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Ally Financial Inc., respondent.



Lynch, J.
Appeal from an order and judgment of the Supreme Court (Platkin, J.), entered July 6, 2018 in Albany County, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void.
Respondent Bill's Towing Service, Inc. (hereinafter respondent), at the direction of local law enforcement, towed a vehicle that had acquired numerous parking violations. On May 5, 2017, respondent's agent mailed a notice of lien and sale to the owner of the vehicle and petitioner, a lienholder, claiming a lien upon the vehicle for towing and storage fees and informing that the vehicle would be sold at a public auction if not redeemed 10 days after service of the notice. The vehicle was then advertised and sold at a public auction to respondent, which acquired title.
Thereafter, petitioner commenced this special proceeding to, among other things, declare respondent's lien null and void and to invalidate respondent's claim of title to the vehicle.[FN1] Respondent subsequently joined issue and asserted, as an affirmative defense, that it had complied with the Lien Law requirements and obtained lawful title to the vehicle by public auction. Supreme Court found that the lien was valid but determined that the notice of lien and sale was invalid as it did not comply with Lien Law § 201 requirements. The court invalidated the sale of the vehicle, left the lien intact, and directed petitioner to pay the sum for towing and storage, upon which the lien would be released. Respondent appeals.[FN2]
We affirm. Initially, we find that Supreme Court did not err in considering petitioner's contention regarding respondent's failure to comply with statutory requirements raised in its reply affirmation. Although arguments may not be raised for the first time in a reply affirmation, here,petitioner's pleading sufficiently raised the issue by stating that respondent "failed to establish a valid Lien Law [§] 184 claim" and "ha[d] not followed the requirements of Lien Law § 201" (see Matter of Santander Consumer USA, Inc. v All County Towing & Recovery, 174 AD3d 1071, 1072 [2019], lv dismissed and denied ___ NY3d ___ [Feb. 18, 2020]; Matter of Santander Consumer USA, Inc. v All County Towing, 171 AD3d 1258, 1259 [2019]; Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d 1423, 1425 [2018]).
As to the merits, Lien Law § 201 provides that the notice of lien and sale must contain "[t]he nature of the debt or the agreement under which the lien arose, with an itemized statement of the claim and the time when due." Here, the notice did not include the authorization to tow and store and, as a result, petitioner was not put on notice of the reason or authority concerning why a lien was placed upon the vehicle. Lien Law § 201 further provides that "[the] notice shall be verified by the lienor to the effect that the lien upon such property is valid, that the debt upon which such lien is founded is due and has not been paid and that the facts stated in such notice are true to the best of his [or her] knowledge and belief." The record shows that the notice at issue contains a signature of respondent's owner dated "June 14, 2017"; however, the proof submitted by respondent shows that the notice was served on May 5, 2017 — almost five weeks before the date of the signature. As such, the notice was defective. Although respondent's representative averred that the original notice was timely signed, no alternative, duly authorized notice was included in the record. Based on the foregoing, Supreme Court properly invalidated the sale (see McCormack v Anchor Sav. Bank, 181 AD2d 580, 580 [1992]; Ingram v Machel & Jr. Auto Repair, 148 AD2d 324, 325 [1989], appeal dismissed 74 NY2d 792 [1989]).
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.



Footnotes

Footnote 1: For the purpose of freezing the vehicle's title during the pendency of this special proceeding, petitioner also named the Department of Motor Vehicles as a respondent. By letter, the Department has informed this Court that it is neither submitting a brief nor taking a position on this appeal.

Footnote 2: To the extent that respondent contends that this proceeding is time-barred because it was not commenced within 10 days after service of the notice of lien and sale (see Lien Law § 201-a), it waived this argument by failing to raise the statute of limitations as an affirmative defense in either its pre-answer motion to dismiss or in its answer (see CPLR 3018 [b]; 3211 [a] [5]; [e]; Matter of Level 3 Communications, LLC v Essex County, 129 AD3d 1255, 1256 [2015], lv denied 26 NY3d 907 [2015]; Gauthier v Countryway Ins. Co., 100 AD3d 1062 [2012]).