Matter of Manufacturers & Traders Trust Co. v J.D. Mar. Serv. (2020 NY Slip Op 05260)





Matter of Manufacturers & Traders Trust Co. v J.D. Mar. Serv.


2020 NY Slip Op 05260


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

528950

[*1]In the Matter of Manufacturers and Traders Trust Co., Respondent,
v
J.D. Marine Service, Appellant, et al., Respondent.

Calendar Date: August 20, 2020

Before: Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Hegge & Confusione, LLC, New York City (Michael Confusione of counsel), for appellant.
Law Office of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for respondent.



Colangelo, J.
Appeals (1) from an order of the Supreme Court (Ryba, J.), entered August 28, 2018 in Albany County, which, in a combined proceeding pursuant to Lien Law § 201-a and action for declaratory judgment, denied a motion by respondent J.D. Marine Service to change venue, (2) from an order of said court, entered November 15, 2018 in Albany County, which, among other things, granted petitioner's application, in a combined proceeding pursuant to Lien Law § 201-a and action for declaratory judgment, to declare a garagekeeper's lien null and void, and (3) from an order of said court, entered February 26, 2019 in Albany County, which, upon reargument, adhered to its prior decision granting petitioner's application.
Nikki Restivo and Nichola Miceli (hereinafter the owners) retained respondent J.D. Marine Service (hereinafter respondent) to perform repairs upon their boat's engine. Respondent sent an invoice to the owners, which was subsequently paid. Respondent performed additional service on the boat and sent another invoice to the owners, informing them that the bill must be paid and the boat must be removed from respondent's property by July 7, 2017 or additional storage charges would be incurred. The invoice was paid, but the boat was not retrieved. On December 1, 2017, respondent filed a garagekeeper's lien pursuant to Lien Law § 184 upon the boat, claiming that the total amount due was $25,537.74, and sent a notice of lien and sale to the owners by certified mail. Petitioner, who held a perfected lien on the boat, attempted to recover the boat from respondent's possession, but respondent refused until its storage and tow fees were paid.
Petitioner then commenced this combined proceeding pursuant to Lien Law § 201-a and action for declaratory judgment seeking, among other relief, to declare respondent's lien null and void and to recover the boat. Respondent answered and simultaneously moved to change venue. By order entered in August 2018, Supreme Court denied the motion. Thereafter, in a November 2018 order, Supreme Court granted petitioner's application to cancel the lien, finding, among other things, that respondent's service of the notice of lien was defective because it failed to adhere to the statutory service requirements set forth in Lien Law § 201. The court also determined that respondent's lien was defective because it failed to offer proof of consent to the storage and tow charges. Respondent subsequently moved to reargue, claiming that the court overlooked facts in making its finding of defective notice. In a February 2019 order, the court determined that, although respondent offered proof of service by certified mail, it did not adhere to the requirement of exercising due diligence by first attempting to personally serve petitioner. Respondent appeals from all three orders.
As an initial matter, we find that the appeal from the August 2018 order must be dismissed as the denial of a motion to change venue is a nonfinal order and, as such, the appeal therefrom terminated upon entry of the final November 2018 order (see Estate of Savage v Kredentser, 180 AD3d 1264, 1265 [2020]). Although the appeal from the November 2018 order normally would have brought the August 2018 order up for review (see CPLR 5501 [a] [1]; Augusta v Kwortnik, 161 AD3d 1401, 1403 [2018]), it did not do so because, as petitioner correctly contends, the appeal from the November 2018 is untimely. CPLR 5513 (a) provides that "[a]n appeal as of right must be taken within [30] days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within [30] days thereof." The record reflects that the order was entered on November 15, 2018, and notice of entry of said order was mailed to respondent on November 27, 2018. The notice of appeal filed by respondent, dated March 29, 2019, was received on April 2, 2019, well after the statutory deadline. Accordingly, the appeal from the November 2018 order must be dismissed as untimely.
Respondent contends that Supreme Court erred in denying its motion to reargue the November 2018 order. "Although, generally, no appeal lies from an order denying a motion to reargue, where the court actually addresses the merits of the moving party's motion, we will deem the court to have granted reargument and adhered to its prior decision — notwithstanding language in the order indicating that reargument was denied" (Matter of Aydden OO. [Joni PP.], 180 AD3d 1208, 1208 [2020] [internal quotation marks and citations omitted], appeal dismissed 35 NY2d 996 [2020]). A review of the February 2019 order reveals that Supreme Court addressed the merits of respondent's contentions, namely, that the court misapprehended relevant facts when it found that respondent did not properly serve its notice of lien upon petitioner and that respondent failed to submit proof that it exercised due diligence in effectuating personal service upon petitioner. Given that the court's decision addressed the merits raised in respondent's motion, we deem the court to have granted reargument, and then adhered to its prior decision, rendering the February 2019 order appealable as of right (see CPLR 5701 [a] [2] [viii]; Matter of Aydden OO. [Joni PP.], 180 AD3d at 1208-1209; Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1185 [2015], lv denied 25 NY3d 912 [2015]).
Under Lien Law §201-a, petitioner's 10-day time period to "commence a special proceeding to determine the validity of the lien" does not begin to run until service upon it of the "notice of sale" by respondent, the lienor. Service of such notice of sale by the lienor must be effectuated by personal service "within the county where [the] lien arose," unless the person to be served "cannot with due diligence be found within such county" (Lien Law § 201).[FN1] As Supreme Court correctly found, and as the record reflects, respondent failed to submit any proof that it exercised due diligence in seeking to effect personal service upon petitioner of the notice of lien and sale before improperly resorting to the statutory alternative of certified mail service. As a result, the 10-day time limitation for petitioner to challenge the lien under Lien Law § 201-a did not begin to run, much less expire, before petitioner commenced this proceeding.
Respondent's reliance upon Lien Law § 11 is misplaced. That provision in Lien Law article 2 governs the service of a mechanic's lien upon real property, in contrast to Lien Law article 8, which applies to personal property (see Lien Law
§ 184). Finally, we find respondent's contention that Supreme Court erred in failing to consider federal maritime law before ordering the release of the boat to be unpreserved for our review (see MLB Contr. Servs., LLC v Lake Ave. Plaza, LLC, 156 AD3d 983, 985 [2017]).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeals from the orders entered August 28, 2018 and November 15, 2018 are dismissed, with costs.
ORDERED that the order entered February 26, 2019 is affirmed, with costs.



Footnotes

Footnote 1: The service requirements of Lien Law § 201 apply equally to the "owner" of the property subject to the lien as well as to "any person" — such as petitioner herein — "who shall have given to the lienor notice of an interest in the property subject to the lien and upon any person who has perfected a security interest in the property" (Lien Law § 201; see Motor Discount Corp. v Scappy & Peck Auto Body, 12 NY2d 227, 230 [1963]).