Sangi v Sangi (2021 NY Slip Op 04270)





Sangi v Sangi


2021 NY Slip Op 04270


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

531700
[*1]Joseph A. Sangi Jr., Appellant,
v
Jean Marie Sangi, Respondent.

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Cooper Erving & Savage LLP, Albany (Colin D. Dwyer of counsel), for appellant.
Montare Law LLC, Rhinebeck (Ariadne S. Montare of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Schreibman, J.), entered May 28, 2020 in Ulster County, which, among other things, granted defendant's motion for a money judgment against plaintiff.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in November 1978. In November 1992, they entered into a separation agreement that resolved, among other issues, maintenance and support and obligated the husband to, among other things, purchase a house for the benefit of the wife and children and pay the monthly mortgage thereon. The separation agreement was thereafter incorporated but not merged into a 1995 judgment of divorce. In December 1995, upon the wife's motion for an order punishing the husband for contempt of court for his failure to provide, among other things, a home for the wife and children, Supreme Court (Cobb, J.) found the husband in willful contempt and converted the obligation into a lump-sum payment, imposing a fine in the amount of $130,694.77 and committing the husband to the county jail until the fine and sheriff's fees were paid or he was discharged according to law. The husband was granted leave to purge his contempt by paying the fine, which included payment of the outstanding mortgage on the wife's home, and posting security for payment of all amounts due. It is undisputed, however, that the husband never actually did so and the wife's home was lost in forfeiture. In 2005, the wife filed a motion seeking to reaffirm and recalculate the 1995 order based upon the husband's additional defaults. In August 2005, Supreme Court (Bradley, J.) granted the application and ordered the husband to pay the sum of $129,893.43 directly to the wife (hereinafter the 2005 order). In July 2018, the wife moved for an order directing the County Clerk to enter a money judgment in the amount of $129,893.43, plus statutory interest from the date of the 2005 order. The husband opposed the motion and cross-moved to vacate the 2005 order, claiming that he was never served with the underlying motion to reaffirm and recalculate or with the entered 2005 order, that the wife's present motion for an order directing entry of a money judgment was time-barred, and that her failure to timely seek enforcement of his obligation constituted a waiver. Supreme Court (Schreibman, J.) granted the wife's motion for a money judgment, based on the obligations under the separation agreement, and denied the husband's cross motion. The husband appeals.[FN1]
The husband contends that Supreme Court erred in determining that the wife's motion is an attempt to enforce his obligations under the separation agreement [FN2] and, therefore, not subject to the six-year statute of limitations applicable to contract actions (see CPLR 213 [2]) or to the 20-year statute of limitations applicable to actions brought to enforce an order of support (see CPLR 211 [e]). We disagree.
This Court has held that a "motion to enforce the terms of [a] separation [*2]agreement . . . is not an action and thus not subject to the statute of limitations set forth in CPLR 213 (2)" (Holsberger v Holsberger, 154 AD3d 1208, 1211 [2017]). Meanwhile, CPLR 211 (e) provides that "[a]n action or proceeding to enforce any temporary order, permanent order or judgment of any court of competent jurisdiction which awards support, alimony or maintenance, regardless of whether or not arrears have been reduced to a money judgment, must be commenced within [20] years from the date of a default in payment." Thus, as Supreme Court correctly determined, CPLR 211 governs the timeliness of actions upon a contractual obligation. Inasmuch as the present application is not an action, but rather a postjudgment motion to enforce the terms of the separation agreement brought under the index number of the original divorce action, CPLR 211 (e) is inapplicable to, and does not bar, the instant motion.
We further find that the husband's challenge to a June 2019 order denying his recusal motion is not properly before this Court. That order is not provided in the record on appeal and was not included in the husband's notice of appeal. "[T]his Court is limited to reviewing facts contained in the record and any arguments based thereon and we will therefore not consider arguments founded upon information outside the record" (Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1209 [2020] [internal quotation marks and citation omitted]; see GRJH, Inc. v 3680 Props., Inc., 179 AD3d 1177, 1178 [2020]). To the extent they are preserved, we have reviewed the husband's remaining contentions and find them lacking in merit.
Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The husband does not raise any issues regarding the denial of his cross motion. It is noted that that the husband's motion for a stay pending appeal was denied by this Court (2020 NY Slip Op 70686 [U]).

Footnote 2: Supreme Court found that the motions that resulted in the 1995 order and the 2005 order were prior attempts to enforce the husband's obligations under the separation agreement.