Matter of Santander Consumer USA, Inc. v Aledrew Corp. (2022 NY Slip Op 03781)

Matter of Santander Consumer USA, Inc. v Aledrew Corp.

2022 NY Slip Op 03781

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

533188
[*1]In the Matter of Santander Consumer USA, Inc., Respondent,
v
Aledrew Corp., Appellant, et al., Respondent.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Goldstein & Greenlaw, LLP, Forest Hills (Andrew Schwarsin of counsel), for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Santander Consumer USA, Inc., respondent.

Colangelo, J.
Appeal from an order and judgment of the Supreme Court (McDonough, J.), entered March 23, 2021 in Albany County, which, among other things, granted petitioner's application, in a combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action, to declare a garagekeeper's lien null and void.
Respondent Aledrew Corp. (hereinafter respondent) is the manager of a parking lot located in Queens County. After a vehicle remained unclaimed in respondent's lot for approximately nine months, it sought to place a lien on and sell the vehicle; in August 2020, respondent executed a notice of lien and sale for the vehicle, setting forth the storage fees as $4,289.68 plus a $150 lien fee.[FN1] Petitioner, believing that it holds the first priority perfected security interest and lien in the vehicle, commenced this proceeding/action seeking, among other things, a declaration that respondent's lien on the subject vehicle is null and void. In response to an order to show cause filed by petitioner, respondent cross-moved to dismiss the petition and further requested that Supreme Court exercise its discretion and grant it summary judgment. In the cross motion, respondent also requested, among other things, $6,948 for storage services. Petitioner opposed respondent's cross motion. Based upon its finding that respondent failed to comply with Vehicle and Traffic Law § 2129 (c), the court concluded that the amount due for respondent's lien on the subject vehicle is zero dollars. Accordingly, Supreme Court determined, among other things, that respondent "failed to make a prima facie showing of the validity of the lien" and, thus, granted petitioner's petition/complaint to the extent it sought a declaration that respondent's lien is null and void, with no amount due. Respondent appeals.
Pursuant to Lien Law § 184 (1), as relevant here, a person keeping a garage for the "storage" or "keeping" of motor vehicles and who, in connection therewith, stores any motor vehicle at the request of or with the owner's consent, regardless of whether the motor vehicle is subject to a security interest, has a lien upon that motor vehicle "for the sum due for such . . . storing . . . [or] keeping . . . of such motor vehicle." A garagekeeper may satisfy a lien against such motor vehicle by selling the same (see Lien Law § 200), and must serve a notice of sale, by personal service, "'within the county where [the] lien arose,' unless the person to be served 'cannot with due diligence be found within such county'" (Matter of Manufacturers & Traders Trust Co. v J.D. Mar. Serv., 187 AD3d 1249, 1251 [2020] [emphasis added], quoting Lien Law § 201). This Court has previously held that this service requirement applies "equally to the 'owner' of the property subject to the lien" as well as to a holder of a perfected security interest such as petitioner (Matter of Manufacturers & Traders Trust Co. v. J.D. Mar. Serv., 187 AD3d at 1251 n). Pursuant to Vehicle [*2]and Traffic Law § 2129 (c), "[a]n operator of a place of business for garaging, parking or storing vehicles for the public, in which a vehicle remains unclaimed for a period of thirty days, shall, within five days after the expiration of that period, report the vehicle as unclaimed to the [C]ommissioner [of Motor Vehicles]. . . . A person who fails to report a vehicle as unclaimed in accordance with this subdivision forfeits all claims and liens for its garaging, parking or storing."
Contrary to respondent's contention, petitioner is not prohibited from challenging the notice of sale despite not having commenced a proceeding within 10 days from service of the notice of sale as provided by Lien Law § 201-a. Under Lien Law § 201-a, a petitioner can "commence a special proceeding to determine the validity of the lien" within 10 days of service of the notice of sale (Lien Law § 201-a). In the event that proper service does not occur, the 10-day period to commence a proceeding to declare the lien void does not begin to run (see Matter of Manufacturers & Traders Trust Co. v J.D. Mar. Serv., 187 AD3d at 1251-1252). Here, there is no dispute that petitioner did not commence the instant proceeding until approximately two months after the alleged service of the notice of sale by respondent. However, respondent served petitioner with the notice of sale by certified mail and "failed to submit any proof that it exercised due diligence in seeking to effect personal service upon petitioner of the notice of lien and sale before improperly resorting to the statutory alternative of certified mail service" (id.). Thus, Supreme Court did not err in determining that the 10-day period as set forth in Lien Law § 201-a had not begun to run and, as such, petitioner was not foreclosed from challenging the notice of lien and sale.
Nor do we find that Supreme Court erred in considering petitioner's argument that respondent failed to comply with the statutory requirements of the Vehicle and Traffic Law, which was raised in its reply affirmation. "Although arguments may not be raised for the first time in a reply affirmation, here, petitioner's pleading sufficiently raised the issue by stating that respondent failed to establish a valid Lien Law § 184 claim and had not followed the requirements of Lien Law § 201" (Matter of Ally Fin. Inc. v Bill's Towing Serv., Inc., 181 AD3d 1045, 1046 [2020] [internal quotation marks, brackets and citations omitted], lv denied 35 NY3d 918 [2020]; see Matter of Nissan Motor Acceptance Corp. v All County Towing, 161 AD3d 1423, 1425 [2018]). In this regard, where a party seeks to invalidate a garagekeeper's lien pursuant to Lien Law 201-a, "the lienor must make a prima facie showing of the validity of the lien and entitlement to the amount claimed" (Matter of BMW Bank of N. Am. v G & B Collision Ctr., Inc., 46 AD3d 875, 876 [2007]). Thus, to meet respondent's prima facie burden as to the validity of the lien, it must demonstrate compliance [*3]with Vehicle and Traffic Law § 2129 (c) (see National Car Rental Sys. v Villano, 63 AD2d 1088, 1089 [1978]).[FN2] Inasmuch as there is no dispute that respondent did not comply with Vehicle and Traffic Law § 2129 (c) by failing to report the vehicle as unclaimed to the Commissioner of Motor Vehicles within the statutorily required timeframe,[FN3] Supreme Court did not err in determining that respondent failed to make a prima facie showing of the validity of the lien and that, due to this failure, it was not entitled to any of the requested storage fees. Accordingly, the court properly granted petitioner's petition/complaint to the extent it sought a declaration that respondent's lien is null and void, with no amount due. We have examined respondent's additional contentions and find them to be without merit.
Clark, J.P., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.

Footnotes

Footnote 1: Since the date of the notice, additional storage fees accrued, resulting in a total amount of $6,948.

Footnote 2: Moreover, petitioner alleges that it was not until the filing of respondent's cross motion that petitioner actually learned that respondent failed to comply with Vehicle and Traffic Law § 2129 (c). Additionally, respondent had the opportunity to address this failure in its reply but failed to do so.

Footnote 3: Respondent conceded at oral argument that the required notice was not filed.