Matter of Scott RR. (Kimberly QQ.) (2023 NY Slip Op 00019)

Matter of Scott RR. (Kimberly QQ.)

2023 NY Slip Op 00019

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

534728
[*1]In the Matter of Scott RR., Appellant; Kimberly QQ., as Guardian of the Property of Charlie RR. et al., Respondent.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Scott RR., Ocean City, New Jersey, appellant pro se.
Buck, Danaher, Ryan and McGlenn, Elmira (John J. Ryan Jr. of counsel), for respondent.

Fisher, J.
Appeal from an order of the Surrogate's Court of Chemung County (Richard W. Rich Jr., S.), entered December 15, 2021, which dismissed petitioner's application for inspection of certain confidential records.
Petitioner is the paternal grandfather and respondent is the maternal aunt of two children (born in 2008 and 2012). After the children's father was convicted of murdering their mother, each party filed a separate petition seeking guardianship of the property of the children. Respondent was ultimately appointed guardian of the children's property, which this Court affirmed (see Matter of Charlie RR. [Kimberly QQ. — Scott RR.], 189 AD3d 2017, 2022 [3d Dept 2020]). Relevantly, during the pendency of the prior appeal, respondent became the adoptive parent of the children.
Thereafter, petitioner filed a petition pursuant to 22 NYCRR 207.64 seeking to inspect and obtain copies of confidential accounting and financial records relating to the children following the guardianship proceeding. Respondent joined issue, requested that the petition be dismissed in its entirety and sought counsel fees for "spurious" litigation. Following oral argument, Surrogate's Court dismissed the petition and permitted respondent's counsel to serve on petitioner and the court an affidavit and statement of services rendered for an amount of counsel fees and costs. Petitioner appeals.
We affirm. The effect of an adoption order means that the children are legally "strangers to any birth relatives" (see Domestic Relations Law § 117 [2] [a]), rendering petitioner no longer a "[p]erson interested" under the SCPA (SCPA 103 [39]). Therefore, public access to certain filings under article 17 of the SCPA, including, as relevant here, petitions for guardianship of the property of an infant (see SCPA 1723 [1]), are considered confidential personal information that may only be disclosed upon good cause shown (see Uniform Rules for Sur Ct [22 NYCRR] § 207.64 [a] [2]; [b] [1]). Although petitioner alleges, among other things, that he knows relevant information regarding the children such as their birthdays, place of birth, family history, school district and other general personal and financial information, we agree with Surrogate's Court that this showing fails to demonstrate good cause why he should be entitled to inspect and obtain confidential personal information following the order of adoption (see 22 NYCRR 207.64 [b] [1]; see also Domestic Relations Law § 117 [2] [a]).
As a result, this renders petitioner's standing argument academic. Since petitioner's standing argument relied, at least in part, on the transcript from an initial appearance in the prior guardianship proceeding, his contention that the transcript was improperly excluded from this record on appeal is also academic. Nevertheless, inasmuch as such transcript from the prior proceeding is not germane to this proceeding, which seeks inspection of documents following the order of adoption, Surrogate's Court properly [*2]excluded the transcript from the record on appeal (see Xiaoling Shirley He v Xiaokang Xu, 130 AD3d 1386, 1388 [3d Dept 2015], lv denied 26 NY3d 904 [2015]; Matter of Cicardi v Cicardi, 263 AD2d 686, 687 [3d Dept 1999]; see also Matter of Annabella B.C. [Sandra L.C.], 129 AD3d 1550, 1550 [4th Dept 2015]).
For similar reasons, we also reject petitioner's argument that he should not have been sanctioned counsel fees and costs in this proceeding because, on the appeal in the prior proceeding, opposing counsel failed to notify this Court of the order of adoption before a decision was rendered, in violation of the Rules of the Appellate Division, All Departments (22 NYCRR) § 1250.2 (c). This subdivision is not an aegis for petitioner's conduct in this proceeding, nor does it operate in the fashion that petitioner suggests (see Rules of App Div, All Depts [22 NYCRR] § 1250.2 [c]; see also Estate of Savage v Kredentser, 180 AD3d 1264, 1265 [3d Dept 2020]; Bank of N.Y. Mellon v Smith, 176 AD3d 83, 87 [2d Dept 2019]). Furthermore, it is apparent from the submissions that such award of counsel fees and costs was issued in a separate application and resulted in an order which was neither appealed nor made part of the record herein, and is therefore not properly before us (see Matter of Ja'Sire FF. [Jalyssa GG.], 206 AD3d 1076, 1081 [3d Dept 2022], lv denied 38 NY3d 912 [2022]). To the degree that such argument is preserved, it has been examined along with the parties' remaining contentions, which we find lacking merit or rendered academic (see Sangi v Sangi, 196 AD3d 891, 893 [3d Dept 2021]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.