Magomedov v Self Stor. Mgt., LLC (2023 NY Slip Op 05601)

Magomedov v Self Stor. Mgt., LLC

2023 NY Slip Op 05601

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
HELEN VOUTSINAS, JJ.

2020-06302
 (Index No. 716373/17)

[*1]Rasul A. Magomedov, appellant, 
v
Self Storage Management, LLC, et al., respondents.

Bailey Duquette P.C., New York, NY (Eric Wertheim of counsel), for appellant.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (John L. Marsigliano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for violation of Lien Law § 182, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered July 16, 2020. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the causes of action alleging a violation of Lien Law § 182 and conversion, and granted those branches of the defendants' motion which were for summary judgment dismissing those causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Lien Law § 182 and conversion are denied, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including a determination of the measure of damages which may be awarded to the plaintiff.
The plaintiff commenced this action to recover damages, including treble damages pursuant to Lien Law § 182, for the defendants' alleged unlawful sale by auction of the plaintiff's property stored in a self-storage facility owned and/or operated by the defendants. The plaintiff moved for summary judgment on the causes of action alleging a violation of Lien Law § 182 and conversion. The defendants moved, inter alia, for summary judgment dismissing those causes of action. The Supreme Court, among other things, denied the plaintiff's motion and granted those branches of the defendants' motion. The plaintiff appeals.
Lien Law § 182(6) provides that "[t]he owner of a self-storage facility has a lien upon all personal property stored at a self-storage facility" and that "[t]he lien attaches as of the date the personal property is brought to the self-storage facility." Such lien "may be enforced by public or private sale of the occupant's goods . . . after notice to all persons known to claim an interest in the goods" (id. § 182[7]). For the notice to be valid, certain statutory requirements must be met, including, as relevant here, that the notice "include the time and place of any public or private sale" (id.). A storage facility that fails to properly notice the sale of an occupant's property is liable for damages resulting from the sale (see Matter of Anderson v PODS, Inc., 70 AD3d 820, 821-822).
Here, the plaintiff demonstrated, prima facie, that the defendants failed to satisfy the [*2]notice requirements of Lien Law § 182(7). Specifically, the notice sent to the plaintiff failed to "include the time and place" of the sale of his property (id.), because the sale did not occur on the date set forth in the notice sent to the plaintiff, but was instead rescheduled without notice to him. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of the Lien Law, and should have denied that branch of the defendants' motion which was for summary judgment dismissing that cause of action (see id.; Matter of Anderson v PODS, Inc., 70 AD3d at 821-822).
The plaintiff also established his prima facie entitlement to judgment as a matter of law on the cause of action alleging conversion. "[T]o establish a cause of action in conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights" (Independence Discount Corp. v Bressner, 47 AD2d 756, 757; see Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 956). Here, although the Supreme Court properly determined that the defendants had a valid statutory lien and possessory interest in the plaintiff's property (see Lien Law § 182[6]), such a showing is not sufficient to defeat the plaintiff's cause of action for conversion in the case at bar. The plaintiff's cause of action is not predicated upon the defendants' unauthorized refusal to relinquish possession of the property upon his demand (cf. Cretaro v Huntington, 203 AD3d 1696, 1698; Miller v Marchuska, 31 AD3d 949, 950), but rather upon the defendants' unauthorized disposition of the property to a third party without proper notice (see Ingram v Machel & Jr. Auto Repair, Inc., 148 AD2d 324, 324-325; see also Mayer v Monzo, 221 NY 442, 445; Warner v Village of Chatham, 194 AD2d 980, 981). In opposition to the plaintiff's prima facie showing that the defendants disposed of his property without the requisite statutory notice, the defendants failed to raise a triable issue of fact. Accordingly, the court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging conversion and should have denied that branch of the defendants' motion which was for summary judgment dismissing that cause of action (see Ingram v Machel & Jr. Auto Repair, Inc., 148 AD2d at 324-325).
As the Supreme Court did not reach the parties' contentions as to the proper measure of the plaintiff's damages, including whether the plaintiff's damages were limited by the terms of the parties' agreement, we remit the matter to the Supreme Court for a determination of such issues in the first instance (see Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp., 213 AD3d 876; Hluch v Ski Windham Operating Corp., 85 AD3d 861, 864).
The parties' remaining contentions are rendered academic by the foregoing determinations.
CONNOLLY, J.P., BRATHWAITE NELSON, CHAMBERS and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court