Slattery v Strong's Mar., LLC (2024 NY Slip Op 04219)

Slattery v Strong's Mar., LLC

2024 NY Slip Op 04219

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-08437
 (Index No. 612647/20)

[*1]John J. Slattery, Jr., appellant, 
v
Strong's Marine, LLC, respondent.

Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Christopher Kelley and Joan McGivern of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 21, 2022. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability and granted that branch of the defendant's cross-motion which was, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability is granted and that branch of the defendant's cross-motion which was, in effect, for summary judgment dismissing the complaint is denied.
Pursuant to a storage contract, the plaintiff stored his boat at a marina owned by the defendant in Mattituck. During the contract period, the plaintiff stopped making installment payments. To satisfy a resultant lien on the boat (see Lien Law § 184[1]), the boat was sold at a public auction, at which the defendant was the only bidder. The defendant thereafter sold the boat.
The plaintiff subsequently commenced this action to recover damages for conversion. After joinder of issue, the plaintiff moved for summary judgment on the issue of liability, arguing that the defendant had failed to comply with the notice requirements set forth in Lien Law § 201. The defendant cross-moved, inter alia, in effect, for summary judgment dismissing the complaint. The Supreme Court, among other things, denied the plaintiff's motion and granted that branch of the defendant's cross-motion. The plaintiff appeals.
A lienor may satisfy a lien against personal property by selling such property (see id. § 200). However, before such sale is held, the lienor "must serve a notice of sale, by personal service, within the county where [the] lien arose, unless the person to be served cannot with due diligence be found within such county" (Matter of Santander Consumer USA, Inc. v Aledrew Corp., 206 AD3d 1191, 1192 [emphasis and internal quotation marks omitted]; see Lien Law § 201). After exercising due diligence in attempting personal service of the notice of sale, a lienor may then resort to service "by certified mail, return receipt requested, and by first-class mail" to the owner's last known place of residence (Lien Law § 201; see Matter of Daimler Trust v R & W Auto Body, Inc., 187 [*2]AD3d 1468, 1468). "[I]nasmuch as a garagekeeper's lien is a statutory creation in derogation of common law," the failure to comply with the statutory service requirements "renders service defective" (Matter of Daimler Trust v R & W Auto Body, Inc., 187 AD3d at 1468-1469), and the notice of sale invalid (see Magomedov v Self Stor. Mgt., LLC, 221 AD3d 682, 683). The unauthorized disposition of property by a lienor to a third party without proper notice to the owner entitles the owner to damages for conversion (see id. at 683-684).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability by establishing, through his affidavit and the defendant's responses to the plaintiff's interrogatories, that the defendant had not properly served the plaintiff with the notice of sale before disposing of his boat.
In opposition, the defendant asserted that it had sent the notice of sale to the plaintiff by certified and first-class mail. However, the defendant admitted that it had not made any attempt to personally serve the plaintiff with the notice of sale at the plaintiff's Suffolk County address, having concluded that, since the plaintiff did not respond to the bills that the defendant had sent to him in Suffolk County, "personal service would be a waste of funds." Since the defendant admitted that it had not exercised due diligence in attempting to serve the notice of sale by personal service before resorting to the statutory alternative of service by mail, the defendant failed to raise a triable issue of fact as to whether it properly served the plaintiff with the notice of sale before disposing of the plaintiff's boat (see Matter of Santander Consumer USA, Inc. v Aledrew Corp., 206 AD3d at 1192; Matter of Manufacturers & Traders Trust Co. v J.D. Mar. Serv., 187 AD3d 1249, 1251-1252). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and denied that branch of the defendant's cross-motion which was, in effect, for summary judgment dismissing the complaint.
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court