Matter of Nissan Infinity LT v Bills Sales & Servs. (2022 NY Slip Op 06039)

Matter of Nissan Infinity LT v Bills Sales & Servs.

2022 NY Slip Op 06039

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533443
[*1]In the Matter of Nissan Infinity LT et al., Respondents,
v
Bills Sales & Services, Appellant, et al., Respondent.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Kevin B. Thiemann, Hudson, for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Nissan Infinity LT and another, respondents.

Lynch, J.
Appeal from an order and judgment of the Supreme Court (Margaret T. Walsh, J.), entered April 27, 2021 in Albany County, which, among other things, granted petitioners' application in a combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action, to declare a garagekeeper's lien null and void.
Respondent Bills Sales & Services (hereinafter respondent) maintains a commercial garage in Greene County. In October 2019, respondent removed a 2018 Nissan Infinity from the parking lot of a CVS pharmacy at the request of the State Police and towed it to respondent's garage. Thereafter, respondent learned that the vehicle lessee had died and that petitioners were the registered owners.
In February 2020, the parties unsuccessfully attempted to reach a resolution concerning a return of the vehicle to petitioners. In a handwritten letter dated March 17, 2020, respondent sent notice to petitioners purporting to assert a garagekeeper's lien on the vehicle (see Lien Law § 184). The notice specified that "[t]he charges with administrative fees is $1,035 and daily storage of $85 per day." The notice further stated that "this motor vehicle [would] be released upon full payment of all storage charges." The notice included a separate attachment itemizing the "administrative fees," and specifying a storage fee of $2,550 — representing 30 days of storage — for a total due of $3,585. Notably, the list includes a "transport" (i.e.,towing) fee of $285. Petitioners subsequently commenced this proceeding/action seeking to invalidate the lien and asserted causes of action for conversion, replevin and unlawful business practices under General Business Law § 349. Upon petitioners' application, Supreme Court (Corcoran, J.) signed an order to show cause directing that, upon the filing of a $15,000 undertaking, the vehicle be returned to petitioners. Although petitioners initially attempted to retrieve the vehicle on July 3, 2020 after posting the undertaking, they were unsuccessful in doing so. Petitioners ultimately retrieved the vehicle in December 2020.
By order and judgment entered April 27, 2021, Supreme Court (M. Walsh, J.) invalidated the lien and directed that the bond posted by petitioners be released.[FN1] In so doing, the court found that respondent's March 17, 2020 notice "fail[ed] to fulfill each of the statutory requirements set forth in Lien Law [§] 184 (2)." While the notice satisfied many of the content requirements of that statute, the court emphasized that it set forth administrative fees that were not statutorily authorized and, in its view, failed to include a towing charge. The court also found that respondent failed "to adduce proof in admissible form that it is a registered motor vehicle repair shop as required by Lien Law § 184 (4)" and did not file a report with the Commissioner of Motor Vehicles stating that the vehicle was unclaimed as required by Vehicle and Traffic Law § 2129 (c). Respondent appeals from [*2]the April 2021 order and judgment.[FN2]
We affirm. Although we recognize that Supreme Court erred in finding that the notice did not include a towing charge, we agree with the court that respondent failed to establish a valid garagekeeper's lien against the vehicle. Lien Law § 184, which sets forth the requirements to obtain a garagekeeper's lien, "is in derogation of the common law" and its provisions "must be strictly construed" (Matter of Santander Consumer USA, Inc. v A-1 Towing Inc., 163 AD3d 1330, 1331 [3d Dept 2018], lv denied 32 NY3d 910 [2018]; accord Matter of Santander Consumer USA, Inc. v Steve Jayz Auto. Inc., 197 AD3d 1407, 1409 [3d Dept 2021]). The entity asserting the lien bears the burden of establishing its validity by "submitting proof in evidentiary form to support each requirement" of the statute (Matter of Santander Consumer USA, Inc. v A-1 Towing Inc., 163 AD3d at 1332 n). "Where the papers and pleadings in a special proceeding pursuant to Lien Law § 201-a fail to raise a material issue of fact regarding the existence of a valid lien, a court is authorized to make a summary determination" (id. at 1331-1332 [citation omitted]; see CPLR 409 [b]).
Accepting respondent's representation that the vehicle was towed at the request of the State Police and given that there are no lienholders identified on the vehicle's certificate of title, the operative provision here is Lien Law § 184 (2) and not, as respondent asserts, Lien Law § 184 (5). Lien Law § 184 (2) allows for "a lien for the reasonable costs of such towing and storage" upon proper notice to the vehicle owner. Where notice is not provided within five working days of the towing, as here, a lien for storage arises only "after the date that the notice was mailed" (Lien Law § 184 [2]). Respondent concedes as much and claims a lien from March 17, 2020, the date the purported lien notice was mailed, to July 3, 2020, the date that petitioners' representatives first came to retrieve the vehicle. That said, we agree with Supreme Court that the lien notice was defective for including administrative fees, above and beyond the towing charge, which are not authorized by the statute. Moreover, the statute only authorizes storage fees from the notice date through the date the vehicle is retrieved, and yet the March 2020 notice claimed an up-front storage fee of $2,550. Mindful that Lien Law § 184 must be strictly construed, Supreme Court did not err in finding that the March 2020 notice failed to establish a valid lien (see Lien Law § 184 [2]). Having so determined, we need not reach any further challenges to the validity of the lien.
Garry, P.J., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order and judgment is affirmed, with costs.

Footnotes

Footnote 1: Supreme Court did not address petitioners' remaining causes of action.

Footnote 2: Following entry of the April 2021 order and judgment, respondent moved for reargument. Supreme Court granted the motion to the extent of reversing so much thereof as held that respondent did not submit proof that it was a duly licensed vehicle repair shop as required by Lien Law § 184 (4), but otherwise denied the motion as to the remainder of the findings, including the ultimate determination that respondent did not have a valid lien for towing or storage. No appeal has been taken from the order entered on reargument.